PETTIT (BEALE v.). See Case No. 1,158.

---

## Case No. 11,047a.

### PETTIT v. The CHAS. HEMJE.

[5 Hughes, 359.]

District Court, E. D. Virginia. March 9, 1882.

MARITIME LIENS—REPAIRS MADE BY PART OWNER—RIGHTS OF MORTGAGEE.

[A part owner who furnishes material and labor for making repairs, is entitled to a maritime lien therefor, notwithstanding his relation to the vessel, which will be superior to the rights of a mortgagee under a mortgage given by the other part owner upon his interest in the vessel.]

In admiralty. The libellant [Charles W. Pettit] and John H. Wemple were owners of the steamer Chas. Hemje, Wemple being managing owner. Wemple becoming embarrassed, gave a mortgage to the Home Savings Bank upon various interests that he owned in different vessels, his interest in the Chas.

Hemje among the number, to secure it for large advances made by it to him to enable him to carry on the many different branches of business in which he was engaged. At length he failed, and immediately the different maritime creditors of the Chas. Hemje libelled her for their bills incurred whilst being run by Wemple. The libellant Pettit was a boilermaker and machinist and had furnished a new boiler to the Chas. Hemje and done various work upon her, amounting to about $3,300. The Home Savings Bank intervened and resisted his claim, on the ground that he could not maintain a libel against a vessel in which he was part owner.

Sharp & Hughes, for libellant.

Walke & Old and W. G. Elliott, for mortgagee.

HUGHES, District Judge. It is to be observed that the question here is not whether a part-owner has a lien upon the vessel for advances and disbursements over and above his proportion. The counsel for the respondent have argued forcibly against such a right; and it must be confessed that the authorities on the subject are in hopeless conflict. It is settled that admiralty has no jurisdiction of suits for the mere settlement of accounts between part-owners, or owners and their agents. The Orleans v. Phoebus, 11 Pet. [36 U. S.] 175; Minturn v. Maynard, 17 How. [58 U. S.] 477. But no case goes so far as to hold that the mere fact of an account being incidentally involved is sufficient to defeat the jurisdiction. In The Larch [Case No. 8,086], Judge Ware, after full consideration, decided that such a lien existed, and that it was enforceable in admiralty. It is true that this decision was subsequently reversed by Justice Curtis, see [The Larch, Id. 8,085], but the learning and reputation of Judge Ware entitles it, though a reversed case, to the highest respect in another circuit, where the decision of Justice Curtis is only persuasive. The English authorities on the subject are irreconcilable, while the American authorities rather preponderate in favor of the existence of such a lien. See Story, Partn. § 441 et seq., and notes, where the cases pro and con are collated and discussed. But however that may be, there is a wide distinction between that doctrine and the question now before me for decision. The libellant is not trying to assert a lien for advances made by him as part-owner. He is not in court as a part-owner. He is here in a different capacity, claiming for work put upon the vessel in a different capacity. He is here as a material-man, trying to assert the lien given by the admiralty law to all who furnish supplies or repairs to a vessel. The reasons and policy of the admiralty law apply as forcibly in his favor as in favor of any other material-man. The mere fact that he is part-owner furnishes no reason why he should be denied the security enjoyed by others, unless for some special reason he has estopped himself from asserting his claim. Of course an admiralty court, in the exercise of its extended equity powers, will not allow him to deprive other maritime creditors to whom he is personally responsible, of their security. But the mortgagee of the other part-owner's interest is a mere assignee of that other part-owner, and can set up no defences which that other part-owner can not set up. The mortgagee has a lien only on the interest of its assignor, and that interest is nothing until the maritime claims are all paid. Nor is there anything in the technical objection that to allow such a proceeding would allow a man to sue himself; for the real defendant in an action in rem is the vessel. In the case of Foster v. The Pilot No. 2 [Case No. 4,980], a libel by a seaman who was part-owner of a boat, for his wages, was sustained, the court basing its decision on the ground that his service as seaman was in a capacity distinct from and unconnected with the appropriate business of a partnership such as exists among part-owners of a vessel. We may say the same of a material-man. In the case of the West Friesland, Swab. 454, Dr. Lushington sustained a libel against a vessel for supplies by a firm, one of whom was a part-owner, saying: "That Mr. Bremer was a part-owner is only a technical objection. At common law partner can not sue partner, but that is a rule that does not obtain in this court; and here the property is sued and not the co-partner."

I can see no ground therefore, either on principle or authority, for denying to the libellant his lien. I will sign a decree ordering his claim to be paid next after the other maritime claims and in preference to the mortgage.

A copy.
    Teste.                  H. S. Ackiss, Clerk.