## THE H. E. WILLARD.

### LYMAN et al. v. THE H. E. WILLARD.

#### (District Court, D. Maine. April 1, 1891.)

1. ADMIRALTY JURISDICTION—STATUTORY LIENS.
   The lien given by Acts Me. 1889, c. 287, to a part owner of a vessel for debts contracted and advances made for certain purposes, not being of a maritime nature, cannot give jurisdiction to a federal court sitting in admiralty. Affirmed in 52 Fed. Rep. 387.

2. SAME—ACCOUNTING BETWEEN PART OWNERS.
   A federal court sitting in admiralty has no jurisdiction of matters of account between part owners of a vessel for supplies furnished and advances made. The Larch, 2 Curt. 427, followed. Affirmed in 52 Fed. Rep. 387.

In Admiralty. Libel in rem by James P. Lyman, Charles F. Guptill, and others against the schooner H. E. Willard. Dismissed for want of jurisdiction. This decision has been affirmed by the circuit court, the opinion being delivered by Mr. Justice Gray. See 52 Fed. Rep. 387.

Benjamin Thompson, for libelants.
George E. Bird, for respondents.

WEBB, District Judge. This is a libel in rem for supplies furnished to schooner H. E. Willard in a home port by libelants, owners of three thirty-seconds of the vessel. The jurisdiction of this court is denied. By the statute of Maine (chapter 287 of the Laws of 1889) it is provided that—

"All domestic vessels shall be subject to a lien to any part owner or other person to secure the payment of debts contracted and advances made for labor and materials necessary for their repair, provisions, stores, and other supplies necessary for their employment, and for the use of a wharf, dry dock, or marine

railway, provided, that such lien shall in no event continue for a longer period than two years from the time when the debt was contracted or advances made."

Can a lien thus given be enforced in admiralty in favor of part owners? That state legislatures cannot restrict or extend the admiralty jurisdiction exclusively vested in the federal courts has been often decided and is conclusively settled. Roach v. Chapman, 22 How. 129; The Orleans v. Phœbus, 11 Pet. 175; The Chusan, 2 Story, 455; The Selt, 3 Biss. 344; The St. Lawrence, 1 Black, 522.

It follows, necessarily, that a lien given by a state statute is not the test of jurisdiction. If it were, a state legislature might, at pleasure, modify the jurisdiction of courts of admiralty by creating or abrogating liens not given by the maritime law. The distinction between cases in which the cause of action is itself within the admiralty jurisdiction, and the cases in which the admiralty, independently of the local law, has no jurisdiction, must not be forgotten or neglected. It is apparent that in the present case the real cause of action is a settlement of accounts between part owners. One has furnished supplies for the use and employment of a vessel, their common property. Whether, for the advances thus made, the owner furnishing supplies has any claim for repayment by his co-owners, depends upon the question whether he has advanced more than his just proportion, and for such excess has or has not been reimbursed by a correspondingly greater share of the earnings. If he has advanced more than his just share, the inquiry further arises, from which of his co-owners, and in what proportion, is he entitled to claim the amounts due him? This is simply an adjustment of accounts between part owners. It is the principal thing to be settled by litigation. Here is no independent or original cause of action out of which the necessity for examining the vessel's accounts incidentally arises; but it is a demand, the justice of which directly and primarily depends on, and must be determined by, a settlement of the accounts between the owners. If such a case, independently of any lien, is one of admiralty jurisdiction, then an admiralty court can enforce a lien given by the local laws; but, if the admiralty court has not jurisdiction of the adjustment of accounts of part owners, the defect is not supplied by a statutory lien.

"The admiralty has no jurisdiction at all in matters of accounts between part owners," says Story, J. The Orleans, 11 Pet. 182. "A court of admiralty takes cognizance of certain questions between part owners, as to possession and employment of the ship, but will not assume jurisdiction, in matters of account between them." Ward v. Thompson, 22 How. 330, 333.

"Now, the admiralty has no direct jurisdiction over matters of account, although they may relate purely to maritime affairs." Davis v. Child, 2 Ware, 78. "The subject-matter is not within the cognizance of the court." The Marengo, 1 Low. 52, 56; Kellum v. Emerson, 2 Curt. 79. "One insurmountable obstacle is that a court of admiralty does not take cognizance of the accounts of part owners, unless incidentally." Hazard v. Howland, 2 Spr. 68, 71. "I therefore hold that the libelants are to be deemed co-owners for this voyage, and, if their claim constitutes a portion of the accounts of the part

owners and enters into the same, then this court has no jurisdiction concerning it. * * * It appears, then, that such bills were settled in an accounting of part owners, with which admiralty has nothing to do." Hall v. Hudson, Id. 65, 66.

"The admiralty has, however, no jurisdiction in matters of account between part owners or others, except when taking an account constitutes a mere incident to a maritime cause of action." Ben. Adm. § 263a. "The court has no jurisdiction in matters of account between part owners of a vessel." The Ocean Belle, 6 Ben. 257. "The admiralty courts take no jurisdiction of matters of account, even between part owners." Daily v. Doe, 3 Fed. Rep. 922.

"A proceeding in rem is not a method allowed to be taken to compel an accounting." The Fairplay, Blatchf. & H. 136. Judge Curtis says: "A court of admiralty has no jurisdiction to take an account between part owners." The Larch, 2 Curt. 427.

It is unnecessary to cite further authorities to show that this court has no jurisdiction of accounts between part owners. Numerous cases have been cited in argument, and many others have been examined, in which the power to deal with accounts has been asserted. All except The Charles Hemje (reported in 5 Hughes, 359) were cases in which jurisdiction on the principal subject-matter was undisputed, and in most the disposal of funds remaining in the registry called for an accounting incidentally to the principal matter giving the jurisdiction. In The Charles Hemje, Judge Ware's opinion in the case of The Larch is followed in preference to that of Judge Curtis; but, while adopting the opinion which was overruled, Judge Hughes admits that, in the circuit wherein the decision was rendered, the law as laid down by the circuit court must prevail. Were it not so, my conclusions would not be changed. I have not been content to rest the decision of this cause solely on the authority of The Larch, 2 Curt. 427, because the statute giving to part owners a lien is of a date subsequent to that decision, and calls for a consideration of the question as affected by the statute. Moreover, it was urged at the hearing that Judge Lowell (since circuit judge in this circuit) denied the correctness of that decision. It is true that that learned judge, sitting as district judge in the case of The Tangier, 2 Low. 7, and in the case of The J. A. Brown, Id. 464, criticised the reasoning of Mr. Justice Curtis in that case, but not in respect to the principle now in question. Yet in The Sarah J. Weed, 2 Low. 562, though expressing dissatisfaction with that reasoning, Judge Lowell follows the decision, declaring it binding upon him as district judge. In The Jennie B. Gilkey, 20 Fed. Rep. 161, Judge Lowell, then circuit judge, cites and follows the case of The Larch without comment. Let the entry be made, dismissed for want of jurisdiction, without costs.