## THE H. E. WILLARD.

### (*Circuit Court, D. Maine.* October 8, 1892.)

### No. 42.

1. MARITIME LIENS—STATE STATUTES.
    The lien given by Acts Me. 1889, c. 287, to a part owner of a vessel for debts contracted and advances made for certain purposes, is not maritime in its nature, and is therefore not enforceable through the admiralty jurisdiction of the federal courts.
2. ADMIRALTY—JURISDICTION OF FEDERAL COURTS—STATE STATUTES.
    While the federal courts sitting in admiralty may enforce, according to their own rules of procedure, a right created by a state statute, which right is maritime in its nature, no subject which is not of a maritime nature can be brought within their jurisdiction by state legislation.
3. SAME—ACCOUNTING BETWEEN PART OWNERS.
    Matters of account between part owners of a vessel belong to a court of equity, not to a court of admiralty. *The Larch*, 3 Ware, 28, 34, and *The Charles Hemje*, 5 Hughes, 359, disapproved.

In Admiralty.
*Benj. Thompson*, for libelants.
*George E. Bird*, for respondents.
Before GRAY, Circuit Justice, and PUTNAM, Circuit Judge.

GRAY, Circuit Justice. This was a libel in admiralty *in rem* for supplies furnished by the libelants to the schooner H. E. Willard, a domestic vessel, in her home port, and for which they claimed a lien under the laws of the state of Maine and the admiralty and maritime jurisdiction of the United States. The claim and answer of two of the part owners of the vessel, intervening for the interest of themselves and of their co-owners, alleged that the case was not within the admiralty and maritime jurisdiction of the court, because the libelants were the owners of three thirty-seconds of the vessel, and neither by the laws of the state of Maine nor by the general maritime law was there any maritime lien in favor of one part owner of a vessel for supplies, advances, or disbursements made on her account; and, further, because the accounts between the part owners of this vessel had not for a long time been adjusted, and many of the owners were indebted to the vessel, and the vessel was indebted to the other owners; and therefore the libel was in truth and in fact one for an accounting between the part owners of a seagoing vessel. At a hearing upon libel and answer, the parties assuming that the facts alleged in the answer were true, the district court dismissed the libel for want of jurisdiction. The libelants appealed to this court.

Nothing is better settled than that matters of account between part owners properly belong to a court of equity, and are not within the general jurisdiction in admiralty. The admiralty has no jurisdiction of matters of account, even when relating to maritime affairs, except as incidental to a subject of which it has jurisdiction; and accounts between part owners are not made maritime affairs by the fact that the property owned in common is a seagoing vessel. *The Orleans*, 11 Pet. 175, 182; *Grant* v. *Poillon*, 20 How. 162; *Ward* v. *Thompson*, 22 How. 330; *Kellum* v. *Emerson*, 2 Curt. 79; *The Larch*, Id. 427; *Davis* v. *Child*, 2 Ware, (2d Ed.) 78, 82; *Hall* v. *Hudson*, 2 Spr. 65; *Hazard* v. *Howland*, Id. 68, 71; *The Marengo*, 1 Low. 52, 56. Such was always the law of England, until parliament, about 30 years ago, expressly conferred on the court of admiralty jurisdiction to decide all questions arising between part owners of English ships, touching the ownership, possession, employment, and earnings, and to settle all accounts between them in relation thereto. St. 24 Vict. c. 10, § 8; *The Apollo*, 1 Hagg. Adm. 307, 313; *The Idas*, Brown. & L. 65; *The Lady of the Lake*, L. R. 3 Adm. & Ecc. 29.

The only cases cited at the bar which tend to support this libel independently of statute are two decisions of district courts. In *The Larch*, a libel by one of two part owners for his disbursements against the other's share in the vessel was entertained by Judge WARE upon the ground that the case demanded no examination of various and perplexed accounts, but only of the earnings of the vessel, and the payments made in the course of about one year. 3 Ware, 28, 34. But, as since observed by Judge LOWELL, that the account might be a very simple one is not the test of the jurisdiction; the subject-matter is not within the cognizance of the court. *The Marengo*, 1 Low. 52, 56. And the decree of Judge WARE in *The Larch* was reversed in the circuit court by Mr.

Justice CURTIS. 2 Curt. 427. The decision of Judge HUGHES in *The Charles Hemje*, 5 Hughes, 359, rests on the overruled decision of Judge WARE.

The real question in this case, therefore, is whether the jurisdiction in admiralty can be supported by reason of the statute of Maine of 1889, c. 287, which enacts that "all domestic vessels shall be subject to a lien to any part owner or other person to secure the payment of debts contracted and advances made for labor and materials necessary for their repair, provisions, stores, and other supplies necessary for their employment, and for the use of a wharf, dry dock, or marine railway: provided, that such lien shall in no event continue for a longer period than two years from the time when the debt was contracted or advances made."

The admiralty jurisdiction is conferred on the courts of the United States by the constitution, and cannot be enlarged or restricted by the legislature of a state. When a right maritime in its nature has been created by the local law, the admiralty courts of the United States may doubtless enforce that right, according to their own rules of procedure. *The General Smith*, 4 Wheat. 438, 443; *The Planter*, 7 Pet. 324, 341; *The St. Lawrence*, 1 Black, 522, 526, 527; *Ex parte McNiel*, 13 Wall. 236; *The Lottawanna*, 21 Wall. 558, 575, 576, 580; *The Corsair*, 145 U. S. 335, 347, 12 Sup. Ct. Rep. 949. But no state legislation can bring within the jurisdiction of those courts a subject not maritime in its nature. *The Orleans*, 11 Pet. 175, 184; *The Jefferson*, 20 How. 393; *The Capitol*, 22 How. 129; *The St. Lawrence* and *The Lottawanna, ubi supra.* The right given by the statute of Maine to a person furnishing supplies to a vessel in which he owns no share might be enforced in the admiralty courts of the United States, because such a contract is strictly a maritime contract, and nothing else.

But the right and lien which the statute undertakes to give to a part owner is quite different in its nature. His claim for supplies furnished to a vessel owned by himself in common with others is not against the whole vessel, nor wholly against the other owners; for he himself owns part of the vessel, and is himself liable for a part of the claim, in proportion to his share in the common property, modified by the state of accounts between himself and his associates. In order to ascertain the amount of the claim for supplies which he is entitled to enforce against the vessel, an account must first be taken of the mutual affairs of all the part owners. The taking of the entire account is the primary and principal thing, to which the amount of his claim for supplies is necessarily secondary and incidental. It was therefore rightly held by the district court that here was no independent or original cause of action, maritime in its nature, of which that court could take jurisdiction in admiralty, either by the general law or because of the local statute.

Decree affirmed, without costs.