ALBERT F. RICH *vs.* WILLIAM H. JORDAN.

Suffolk.    March 20, 1895. — June 21, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Contract of Charter — Owner of Vessel pro hac vice — Agency.*

The owner of a vessel is not liable for bait furnished to the master while sailing under a written agreement by him and the crew, whereby they chartered the whole of the vessel for a stated period, and agreed to furnish all necessary fishing gear, including bait, etc., at their own expense, and to pay the owner a certain proportion of the fish which might be caught in the prosecution of the enterprise; and the right of the owner to terminate the charter at any time does not take the case out of the general rule until the right is exercised.

CONTRACT, against the general owner of the schooner James A. Garfield, for bait furnished and delivered to the master. The case was submitted to the Superior Court, and, after judgment

for the defendant, to this court, on appeal, upon agreed facts, the material portions of which are as follows.

The goods were ordered of the plaintiff by Samuel Bartell, the master; and the plaintiff, supposing that the master was acting as agent of the owners, delivered the goods, and charged them on his books to the schooner and her owners. The master and other members of the crew on the one part, and the defendant on the other, had previously entered into a written agreement, made without the knowledge of the plaintiff, which was still in force, and which recited that the owner let the whole of the vessel and appurtenances for six months to the master and crew, who were to furnish all necessary fishing gear, including bait, at their own expense, and to pay the owner a certain proportion of the fish that might be caught in the prosecution of the enterprise. The agreement also recited that neither the defendant nor the vessel should be liable for any debts for fishing gear, outfits, etc., and that the defendant might at any time cancel and terminate the charter-party by taking possession of the vessel.

*E. P. Carver,* for the plaintiff.

*J. J. Flaherty,* (*R. T. Babson* with him,) for the defendant.

LATHROP, J. Under the contract of charter made between the owner of the vessel and Bartlett and others, the latter became the owners of the vessel *pro hac vice,* and had the entire control and management of her for six months, subject to the right of the general owner to cancel and terminate the charter-party by taking possession of the vessel at any time wherever the vessel might be found. While Bartlett and his associates remained in control, none of them had any authority to bind the general owner for bait, or was for this purpose the agent of the general owner. *Urann* v. *Fletcher,* 1 Gray, 125. *Baker* v. *Huckins,* 5 Gray, 596. *Tucker* v. *Stimson,* 12 Gray, 487.

The plaintiff, however, contends that the right to cancel and terminate the charter at any time takes the case out of the general rule. But it is clear that, until the right is exercised, the general owner has no control, and the charterers are not his agents, except so far as he may have specially constituted them such. *Cutler* v. *Winsor,* 6 Pick. 335.

*Judgment for the defendant.*