THE CARRIER DOVE.

(District Court, D. Massachusetts. May 9, 1899.)

No. 993.

SEAMEN—VOYAGE ON LAYS—RIGHT TO LIEN ON VESSEL.

An agreement by seamen to serve on lays on a fishing voyage, made with the master, who had made an oral agreement with the owners of the vessel to ship the crew and to pay to the owners a specified portion of the proceeds of the catch, does not change their character as seamen,

their shares being substantially wages, nor deprive them of their right to a lien therefor against the vessel, where the master, after disposing of the catch, absconded with the proceeds.

In Admiralty. Libel in rem against the fishing schooner Carrier Dove by Joseph Williams and others, as members of the crew, to recover their lay.

J. W. Keith, for libelants.

Carver & Blodgett, for respondent.

LOWELL, District Judge. The owners of the libeled fishing schooner made with one Silva, her master, an oral agreement for a fishing voyage. Silva was to ship the crew, and the owners had no connection with the crew except through Silva. The terms agreed upon between Silva and the owners, and between Silva and the crew, were as follows: From the gross proceeds of the catch, wharfage and scalage were to be deducted. One quarter of the balance was to go to the owners; the remainder, after deducting the cost of groceries, ice, bait, etc., and 10 per cent. paid to the master for use of gear, was to be divided equally among the crew, including the master. A custom was proved that the master should sell the catch and collect the price, and that, in his absence, the crew should appoint one or more of their number to take his place. All supplies were bought by the master or other member of the crew. If the catch was insufficient to discharge the bills incurred for supplies, the same were charged against the next voyage; but there was no evidence how the bill was to be collected if the next voyage was made by another master and crew. This, I understand, is called the "quarter clear." The master sold the catch, collected the price, and absconded therewith. The other members of the crew bring their libel against the vessel for their lay.

This case seems to be covered by Crowell v. Knight, 2 Low. 307, Fed. Cas. No. 3,445. There the circumstances were in some respects more favorable to the claimants than here. The libelants were "sharesmen," of whom there were four, while seven other seamen were shipped for special wages in money. In that case, there was stronger reason than in this in holding the libelants to be partners and joint charterers. It is true that in Crowell v. Knight it was said that "they [the sharesmen] have no voice in the disposal of the catch in any respect," while here it was otherwise; but this difference seems to me not very important. The method of sale is not decisive upon the question of title, and was probably adopted largely for the convenience of all parties. The supreme court of Massachusetts has decided that seamen have no lien upon the catch for their lay. Story v. Russell, 157 Mass. 152, 31 N. E. 753. But that case was made to turn largely upon a construction of Rev. St. §§ 4391–4394, which provisions are not applicable here. The same court has decided, in a case like this in some respects, that those who furnish supplies have no lien. Rich v. Jordan, 164 Mass. 127, 41 N. E. 56. This may be true. For the sake of argument, it may be admitted that, if courts of admiralty considered seamen to deal on equal terms with owners, the former might not prevail in a case like that at bar; but, consider-

ing the favor always shown in admiralty to seamen, I think that the agreement here made should not be construed to deprive them of their lien.