## THE EMMA B.

(District Court, D. New Jersey. January 8, 1906.)

ADMIRALTY—JURISDICTION—ACCOUNTING IN SUIT FOR PARTITION OF VESSEL.

While a court of admiralty is without jurisdiction of a suit to obtain an accounting as such, it has jurisdiction to decree an accounting as incidental to the principal cause of action of which it has undoubted jurisdiction as between the owners of a vessel, with respect to her past earnings in a suit for her sale for partition.

In Admiralty. On exceptions to libel.
See 140 Fed. 770.

James Parker, for respondent.
Avery F. Cushman and James D. Dewell, Jr., for libelant.

CROSS, District Judge. This is a case of licitation or sale for partition. The libelant and respondent each admittedly owns a one-half part of the schooner Emma B. The libel alleges that the owners are unable to agree with reference to her employment, and that there is an irreconcilable diversity of opinion between them in respect thereto, and asks that the schooner be sold and the proceeds divided, and that an accounting may be taken between the libelant and the respondent of the earnings and expenses of the said schooner during the period mentioned in the libel, and that the proceeds of the sale of said vessel may be distributed, as the interest of the parties may appear upon such accounting.

The respondent has filed several exceptions to the libel, the chief of which, and the only one, relied upon on the argument is expressed in the following language:

"That the said libel demands an accounting between said libelant and respondent; whereas this court is without jurisdiction in admiralty to order such accounting."

It was not questioned, and could not seriously be questioned, that this court has jurisdiction in admiralty to decree the sale of a vessel and distribute the proceeds of its sale, where two equal joint owners thereof are unable to agree, and have irreconcilably disagreed as to its employment. This being admitted, the jurisdiction of the court as to the principal phase of the case is admitted, assuming, of course, that the allegations of the libel are true. But, granting this, the respondent still claims that this court has no jurisdiction in respect to the accounting asked for by the libel, and cites The Orleans v. Phoebus, 11 Pet. 175, 9 L. Ed. 677, and Ward v. Thompson, 22 How. 333, 16 L. Ed. 249, in support of his position.

It is undoubtedly established that a court of admiralty has no jurisdiction of accounts as such, and will not take jurisdiction of a cause solely for the purpose of decreeing an accounting; but I do not find any case which holds that where jurisdiction is acquired on valid grounds, and the accounting is merely incidental to the main relief that such accounting will be denied. Indeed, it seems to be recognized in many cases that an accounting incidental to the main question is not only permissible, but may even be essential to the proper administration of justice; nor do I think the cases cited by the proctor of the respondent

are to the contrary. If the vessel were sold, and the proceeds of sale distributed, without an accounting, great injustice might and probably would be done—injustice, too, which might have been avoided, and could only have been avoided, by an accounting. An accounting at some later date, and in some other court and proceeding, might be utterly inefficacious to do justice between the parties; for, once the funds were distributed, they might not again be brought within the control of the court, or, being expended, the mulcted party might not be able to respond to the decree of the court. Justice, therefore, seems to demand that an accounting should be had between the parties in this proceeding. A case very similar to the one in hand is The John E. Mulford ( D. C.) 18 Fed. 455. In that case the same claim was made that is made here, and in the course of his opinion Judge Brown says:

"If, as is claimed by the libelant, this defendant has a considerable sum in his hands as the proceeds of these earnings, it would be a very imperfect administration of justice to decree to the defendant the full half of the proceeds of the vessel in the registry, without any account of the excess of her earnings belonging to the libelant already in this claimant's possession, and to turn the libelant over to a future and possibly ineffectual action in another court to recover these earnings. There is no want of power, as I understand, in this court, as a court of admiralty, to take such an account as an incident to the principal cause, of which it has undoubted jurisdiction, when justice requires such an account in order to make a just distribution of a fund in the registry of the court."

The following cases also recognize the same principle: The L. B. Goldsmith, Fed. Cas. No. 8,152; Davis v. Child et al., Fed. Cas. No. 3,628; Tunno et al. v. The Betsina, Fed. Cas. No. 14,236; The H. E. Willard (C. C.) 52 Fed. 387. See, also, Benedict on Admiralty, § 263a; Hughes on Admiralty, § 189.

No case has been brought to my attention, nor have I found any, parallel with the one at bar, where such relief has been denied. It seems clear to me that admiralty has undoubted jurisdiction of this case, under the circumstances alleged, and, having such jurisdiction, it can and ought, under the circumstances, to decree an accounting between the parties as incidental to the main relief.

The exceptions will be overruled, with costs, and the respondent directed to answer any parts of the libel excepted to, not already answered.