THE ZILLAH MAY.

THE MYRTLE ENDRESEN.

(District Court, W. D. Washington, S. D.    January 9, 1915.)

No. 1646.

ADMIRALTY ☞7—JURISDICTION—SUIT FOR ACCOUNTING BETWEEN CO-OWNERS.
   A court of admiralty is without jurisdiction of a suit for an accounting
   between co-owners of a vessel on account of advances made by some of
   such owners, when any maritime issues which might arise would be only
   incidental.
   [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 99–120; Dec.
   Dig. ☞7.]

In Admiralty.   Suit by L. C. Endresen and E. N. Endresen against
the gas screw ships Zillah May and Myrtle Endresen, and Etta Davis,
Thomas Randles, and Hannah Randles, his wife.   On exceptions to li-
bel.   Exceptions sustained.

Claimants except to the libel upon several grounds, including want of juris-
diction of the court over the cause. Libelants aver that they are each the
owner of an undivided one-third interest in each of the respondent vessels,
and that E. N. Endresen is the managing owner thereof; that the claimant,
Etta Davis, is the owner of record of the remaining one-third interest in each
vessel; and that the other claimants claim to have some interest in the one-
third interest of Etta Davis.

The libel avers: "That on or about the 8th day of August, 1914, the Zillah
May, one of the vessels heretofore referred to, went ashore on the coast of
California and suffered considerable damage; that she was put to large ex-
penses in her salvage, and your libelants, L. C. Endresen and E. N. Endresen,
were compelled to advance, and did advance, in such repairs and previously
thereto, large sums of money in the care, upkeep, salvage, and restoration of
the said Zillah May, all in the sum of about ten thousand eight hundred dol-
lars ($10,800.00), of which said sum the said Etta Davis, Thomas Randles,
and Hannah Randles, his wife, are and should be bound to pay about the sum
of thirty-six hundred dollars ($3,600.00); that from time to time the libelants,
L. C. Endresen and E. N. Endresen, have been compelled to pay and have
paid and advanced for the benefit of the claimants, Etta Davis, Thomas
Randles, and Hannah Randles, his wife, the sum of about seven hundred dol-
lars ($700.00) in the care, upkeep, and restoration of the said Myrtle Endresen;
that demand has been made upon the said Etta Davis, Thomas Randles, and
Hannah Randles, his wife, for said sums, which said sums said Etta Davis,
Thomas Randles, and Hannah Randles, his wife, have neglected and refused
to pay. That your libelants are informed and believe that the claimants,
Etta Davis, Thomas Randles, and Hannah Randles, his wife, are attempting
to dispose of their interest in the said vessels without having satisfied and
discharged their portion of the indebtedness advanced by the libelants."

The prayer of the libel is that, of the total amount advanced by libelants,
$4,300 be declared a lien upon the ships, and that the interest of claimants
and all other persons claiming an interest therein be condemned and sold to
pay such awards and costs.

Morgan & Brewer, of Hoquiam, Wash., for libelants.
George S. Shepherd, of Portland, Or., for claimants.

CUSHMAN, District Judge (after stating the facts as above).
While there is a conflict in the decisions, the greater weight of authority
denies jurisdiction to a court of admiralty in the matter of an account-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing between co-owners. The Steamship Orleans, 11 Pet. 175, 9 L. Ed. 677; Grant et al. v. Poillon et al., 20 How. 162, 15 L. Ed. 871; Ward v. Thompson, 22 How. 330, 16 L. Ed. 249; The H. E. Willard (C. C.) 52 Fed. 387; The H. E. Willard (D. C.) 53 Fed. 599; The Larch, Fed. Cas. No. 8,085; Roberts v. Gallagher, Fed. Cas. No. 11,904; The Daniel Kaine (D. C.) 35 Fed. 785; Smith-Green Co. v. Bird, 90 Am. St. Rep. 391, Note 2, "a" & "b"; 26 Cyc. 757; 36 Cyc. 36 (F).

"It must certainly be admitted that its [admiralty court's] modes of proceeding have not been framed with any special reference to doing so, and that complicated accounts between part owners of vessels, and the rights of the parties dependent on them, can hardly be worked out satisfactorily in this jurisdiction. The whole machinery of references and exceptions, and the numerous rules of pleading, and evidence, and practice, which courts of chancery have found necessary, to secure the rights of parties in suits for accounts, do not exist in the admiralty, and would not, in my opinion, be a useful addition to its simple, direct, and rapid modes of procedure." Kellum v. Emerson, 2 Curt. 79, Fed. Cas. No. 7,669.

While matters of accounting have been entertained by courts of admiralty, it has almost uniformly been in cases where the accounting was incidental to a suit already rightfully in the admiralty court. The J. A. Brown, Fed. Cas. No. 7,118; The Emma B. (D. C.) 140 Fed. 771; The Thomas Sherlock (D. C.) 22 Fed. 253; The John E. Mulford (D. C.) 18 Fed. 455; The Larch, Fed. Cas. No. 8,085. In The Willamette Valley (D. C.) 76 Fed. 838, Judge Morrow, while District Judge, held that, in the absence of a lien upon the proceeds of the sale of a vessel, the admiralty court would not entertain or consider claims against the fund arising out of a liability on the part of the owners, although conceding that, in the absence of a claim asserted to the remnants by the owners, such proceeding had obtained in a number of cases.

The statement given from the libel makes it clear that any maritime questions arising in the present controversy would be purely incidental to the accounting between the co-owners of the two vessels, *"Zillah May"* and *"Myrtle Endresen,"* rather than such accounting incident to any maritime controversy which might develop.

The case, as it stands, is one for an accounting. The claimants, according to the libel, refused to pay the account asserted by libelants. This necessitates a settlement of the account, which may or may not involve issues of a maritime character, and which may or may not involve consideration of liens on account thereof.

The court is therefore without jurisdiction to entertain the cause. Having reached this conclusion, it is not necessary to consider the other grounds of exception.

The exception to the jurisdiction is sustained.