## THE ELLENORA.

### (District Court, W. D. Washington, N. D. July 8, 1918.)

#### No. 4116.

Shipping ⬦≈21—Jurisdiction of Court— Sale of Vessel—Failure of Joint Owners to Agree on Employment of Vessel.

Where part owner of vessel seeks to employ it in a dangerous and hazardous enterprise without the consent of and over the objection of owner of other half, a court of admiralty, upon application of latter, may order that vessel be sold and proceeds distributed.

In Admiralty. Libel by Joseph Jefferson against the gas boat Ellenora, her engines, tackle, apparel, and furniture, and others. Respondents' motion to dismiss denied.

Winter S. Martin, of Seattle, Wash., for libelant.
Daniel Landon, of Seattle, Wash., for respondents.

⬦≈For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
. 252 F.—14

NETERER, District Judge. Libelant, half owner, charges that the owners of the other half seek to employ the vessel against his consent and over his objection in a hazardous voyage in "British Columbian and Alaskan waters," in a dangerous and hazardous enterprise, that will "involve said vessel with unwarranted expense and liens, which will impair and destroy the value of libelant's interest in said vessel," and prays that the said vessel may be sold and the proceeds brought into court, to be divided and distributed according to law. The respondents have moved to dismiss on the ground that the court is without jurisdiction, that the libel does not state a cause of action, and that the procedure is improper.

It has long been held that, where moiety owners of a vessel cannot agree as to her control and employment, on application therefor a court of admiralty should decree a sale and division of the proceeds. Coyne v. Caples (D. C.) 8 Fed. 638; The Emma B. (D. C.) 140 Fed. 771; Henry's Admiralty Jurisdiction and Procedure, § 23, p. 55; The Ocean Bell, Fed. Cas. No. 10,402. The power of the court does not rest in the right of a party to sell the vessel, but is an essential part and function inherently resting in the court, for the purpose of extricating the vessel from a condition which deprives commerce of an instrumentality in carrying forward the necessities of the people. The B. F. Woolsey (D. C.) 7 Fed. 108. That a half owner of a vessel may invoke the aid of admiralty in protecting his investment, by decreeing a sale and distribution is a proper procedure, is said by Benedict's Admiralty, § 187; Flanders on Shipping, c. 1, p. 368, § 375; Conkling's U. S. Admiralty, pp. 250, 251; Dixon's Law of Shipping, p. 23.

This rule found basis in the fifth and sixth articles of the Marine Code of France, Ordinances of Louis XIV, published to the maritime nations of Europe as early as 1681, which are said to be substantially the same as the first rule of the Roman Marine Code, and which provides:

"No person may constrain his partner to proceed to the public sale of a ship held in common, except the opinions of the owners be equally divided about the undertaking of some voyage."

This was quoted by Justice Washington as early as 1829 (The Seneca, Fed. Cas. No. 12,670, 23 Myer's Federal Decisions, 363), in which he held that a sale of the vessel ought to be decreed where two equal joint owners of a ship could not agree upon the agency of employing it or the manner of employment. This case reviews the various Marine Codes. And in Head v. Amoskeag Mfg. Co., 113 U. S. 9, at pages 22, 23, 5 Sup. Ct. 441, 447 (28 L. Ed. 889), the Supreme Court, through Justice Gray, said:

"If the part owners are equally divided in opinion upon the manner of employing the ship, then, according to the general maritime law, recognized and applied by Mr. Justice Washington, the ship may be ordered to be sold and the proceeds distributed among them."

The motion is denied.