## THE RED WING.

(District Court, S. D. California, S. D. December 19, 1925.)

No. 1936.

Admiralty ⬤➯7—Questions of partnership in ship held to present no marine issues cognizable by admiralty.

Neither dispute between partners owning unequal interests in ship as to whether partnership in ship exists between two of parties, and whether third party purchased interest in ship with knowledge that it was partnership property of the first two, nor feigned, subordinate, and incidental issue, that in consequence of irreconcilable diversity of opinion and interest in relation to employment of ship said owners are unable to agree on any voyage or business for it, is sufficient to give admiralty jurisdiction.

In Admiralty. Libel by Anton Kordich against the gasoline launch Red Wing and others. Libel dismissed.

Loucks & Phister, of San Pedro, Cal., for libelant.

C. W. Pendleton, of Los Angeles, Cal., for respondents.

McCORMICK, District Judge. The briefs filed herein contain nothing that operates to modify the views of the court as expressed from the bench at the conclusion of the evidence. The cases cited in the brief of proctor for libelant are not analogous to this case. The Emma B (D. C.) 140 F. 771, and Metropolitan S. S. Co. v. Pacific-Alaska Navigation Co. (D. C.) 260 F. 973, do not concern partnerships, but relate to disputes between co-owners or part owners of vessels.

Here, however, the dispute arises between partners owning unequal interests in the ship Red Wing, and the main questions are whether or not a partnership in the ship exists between Kordich and Anton Zanich, and whether or not respondent Vincent Zanich purchased an interest in the ship Red Wing with knowledge that the ship was partnership property of Kordich and Anton Zanich. These questions present no maritime issues cognizable by admiralty courts.

The issue presented by the libel, namely, "that in consequence of diversity of opinion and interest in relation to the employment of said vessel, which is irreconcilable, the said owners are unable to agree upon any voyage or business for said vessel," is feigned, subordinate, and incidental to the main and real questions, and is not sufficient under the facts to confer jurisdiction upon this court as an admiralty tribunal.

The rule of law applicable to this cause is succinctly stated in Corpus Juris, volume 1, page 1273, as follows: "Admiralty has no jurisdiction of a contract of partnership to engage in maritime commerce." And in Ward v. Thompson, 22 How. 333, 16 L. Ed. 249, the Supreme Court said: "A court of admiralty takes cognizance of certain questions between part owners, as to the possession and employment of the ship, but will not assume jurisdiction in matters of account between them. * * * It is not disputed that a contract of partnership in the earnings of a ship comes within the same category. If the party desires an account, his remedy is in a court of chancery. If his complaint be for a breach of some independent covenant, he should seek his remedy in a court of common law."

Inasmuch as Kordich and respondents are not copartners or co-owners in the Red

Wing in equal shares, the subject-matter of this proceeding is not within the purview of admiralty, for the rule is generally and uniformly established by the Supreme Court that the jurisdiction of courts of admiralty in cases of part owners having unequal interests is not and never has been applied to direct a sale upon any dispute as to the trade and navigation of the ship. The Steamboat Orleans, 11 Pet. 182, 9 L. Ed. 677; Coyne v. Caples (D. C.) 8 F. 638.

Therefore, although I reluctantly so decide, under the facts of this case as found at the termination of the hearing, the libel must be dismissed, and the libelant relegated to the courts of competent jurisdiction for the enforcement of his partnership and property rights in the launch Red Wing.