**W. E. HEDGER TRANSP. CORPORATION et al. v. IRA S. BUSHEY & SONS, Inc.**

No. 252.

Circuit Court of Appeals, Second Circuit.

April 30, 1946.

Rehearing Denied May 23, 1946.

322

Horace M. Gray, of New York City, for appellants.

Christopher E. Heckman and Foley & Martin, all of New York City, for appellee.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

The plaintiffs appeal from a judgment, dismissing their complaint for lack of jurisdiction over the subject matter appearing upon its face. The Hedger Company is a New York corporation, and so is the Bushey Company; the plaintiff, Hedger, is a citizen of New Jersey, and owns all the shares of the Hedger Company. The complaint alleged that in July, 1932, Hedger and the Bushey Company agreed upon the joint operation of barges and tugs in New York Harbor; and that in December, 1938, the Bushey Company asserted that the Hedger Company owed it about $400,000, as a result of the venture up to that time. The Bushey Company thereupon transferred the barges and tugs to the Hedger Company for $200,000, taking in payment a mortgage for $600,000, made up of the debt and the purchase price. In July, 1942, the Hedger Company executed a second mortgage for about $100,000; and on February 10, 1945, the Bushey Company brought a suit in the admiralty in the Eastern District of New York to foreclose these mortgages for a deficiency of about $74,-000; in which a decree of foreclosure was entered on March 8, 1945, upon consent of the Hedger Company. The gravamen of the complaint, which was filed on April 4, 1945, is that the plaintiffs were forced to consent to the foreclosure because the Bushey Company threatened to seize the vessels and ruin their business, since such a seizure would have resulted in the vessels' remaining idle while the suit was being tried. The complaint alleged that in fact nothing was due upon the mortgages, as an accounting would show; but, since the account would have taken a long time to state, the plaintiffs' could not afford to wait, and were forced to pay the demand under duress.

This constituted a ground for vacating the decree and demanding an accounting. The complaint also alleged incidental damages of $30,000 arising from the seizure, and a return of two payments of $4,900 each, paid by the Hedger Company upon the mortgages under a mutual mistake of fact. The judge dismissed the complaint on the ground that the only relief open to the plaintiffs was by a "libel of review" in the foreclosure suit; and that for that reason the district court had no jurisdiction in an ancillary action in the nature of a suit in equity.

We have jurisdiction over the appeal, because the judgment finally disposed of the action, although it left it open to the plaintiffs to bring a "libel of review," or any other proceeding in the foreclosure suit which they might think best. This the plaintiffs refuse to do, because they believe that they cannot secure the necessary relief in the foreclosure suit, even if the decree were vacated. Hence they insist that an ancillary suit lies in equity without the necessary diversity of citizenship. We think that all the relief which the district court had jurisdiction to grant in any form will be open in the foreclosure suit, if the decree is vacated; and that the complaint should have been treated as a petition in that suit to that end, and should not have been dismissed for what was at worst only a defect of form. We do not understand why anything more was necessary than such a petition: that is, why it was necessary, or indeed proper, to resort to a "libel of review." Rule 5 of the Rules of the District Court for the Eastern District of New York extends each term for ninety days from the entry of the judgment, so that on April 4, 1945, when the complaint was filed, the plaintiffs might have moved directly in the foreclosure suit itself. A "libel of review," like its analogue a "bill of review" in equity, will lie only when other relief is not open to the party aggrieved. However, since this, as we have said, is only matter of form, it should be disregarded, unless there are matters of substance, which demand an ancillary suit. The plaintiffs insist that there were two such matters:

first, a court of admiralty has no power to grant all the relief to which they will be entitled; and second, the grant of a petition to vacate the decree rests in the discretion of the district court. We shall consider these objections in that order.

Before the decree of foreclosure can be vacated, the question must be answered whether the Hedger Company owed the Bushey Company the amount which it actually paid. We assume that this will require an accounting, and the first question is whether it may be had in the foreclosure suit. It is true that a court of admiralty will not entertain a suit for an accounting as such: as, for example, an accounting between co-owners of a vessel, or between maritime adventurers, or between principal and agent, and so on. The Steamboat Orleans, 11 Pet. 175, 182, 9 L.Ed. 677; Minturn v. Maynard, 17 How. 477, 15 L.Ed. 235; Vandewater v. Mills, 19 How. 85, 92, 15 L.Ed. 554; Grant v. Poillon, 20 How. 162, 15 L.Ed. 871; Ward v. Thompson, 22 How. 330, 16 L.Ed. 249; The Larch, Fed. Cas.No.8,085; The Zillah May, D.C., 221 Fed. 1016; The Red Wing, D.C., 10 F.2d 389. (It may be doubted whether Metropolitan S. S. Co. v. Pacific-Alaska Nav. Co., D.C., 260 Fed. 973, is in accord with these decisions.) Nevertheless, it has never been true, when an accounting is necessary to the complete adjustment of rights over which admiralty has independent jurisdiction, that it will suspend its remedies midway and require the parties to resort to another court. Thus, when an accounting was necessary to determine a fisherman's "lay," or share of the catch, Lowell, J., entertained the suit, although the statute passed for that purpose—R. S. § 4391, 46 U.S.C.A. § 531—did not apply. The Carrier Dove, D.C., 93 F. 978. In The I. S. E. No. 2, 15 F.2d 749, the Ninth Circuit took jurisdiction in a similar case without noticing the statute. On the other hand in 1830 in The Fair Play, Fed.Cas.No.4,615, Betts, J., refused to entertain the libel of a seaman for wages which involved an accounting, and Mr. Justice Thompson affirmed the decree; but the libel was in rem and the actual decision was merely that a seaman's lien

for wages is only for an "adjusted balance." It is only fair to add, however, that Judge Betts thought even a libel in personam "exceedingly doubtful." In The John E. Mulford, D.C., 18 F. 455, one part owner filed a libel for the sale of the vessel and partition of the proceeds, as an incident to which Judge Brown entertained an accounting against the parties who had operated the vessel before the sale. He put his decision upon the ground that, although a suit for an accounting alone would not have lain between the parties, when an accounting became necessary to the winding up of a suit over which the admiralty had independent jurisdiction, the court would state the account. For this he relied in part upon the opinion of Judge Ware in The Larch, Fed.Cas.No.8,086. Although Mr. Justice Curtis reversed that decree in The Larch, supra, Fed.Cas.No.8,085, it was because he did not think that admiralty had jurisdiction over the principal controversy. Judge Cross followed Judge Brown in The Emma B., D.C., 140 F. 771; and Judge Cushman recognized the doctrine in The Zillah May, supra, D.C., 221 F. 1016. Clearly a court of admiralty at times must state accounts as an incident to the disposition of suits within its cognizance: general average is one instance, and salvage is another. In the case at bar the foreclosure suit was brought under § 951 of Title 46, U.S.C.A., and it would be impossible to enforce the statute, if the suit must be halted every time a question of accounting arose as to the amount due upon the mortgage.

■ We have no doubt therefore of the power of the admiralty to state the account between the mortgagor and the mortgagee at bar, had the issue arisen in the foreclosure suit itself; and also no doubt of its power to state it upon the issue whether the decree should now be vacated. The same is true as to the restitution of any balance which, after stating the account, the court may find to have been an overpayment by the Hedger Company to the Bushey Company, extorted by duress, or abuse of process; no ancillary action is necessary for that purpose. The same is not, however, true as to any damages which may have been caused by abuse of process, as alleged in the 67th Article of the complaint. The recovery of these would be a separate cause of action; they would result from a tort, over which the admiralty would have no jurisdiction. Restatement of Torts, § 682. Such a tort is as little "ancillary" to the foreclosure suit, when asserted by a bill in equity, as in the foreclosure suit itself. Since the district court has no independent jurisdiction over that controversy, the plaintiffs must be relegated to the state court for relief; for this cause of action is not within Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, assuming that that doctrine applies to a suit in admiralty, which we do not decide. The same is true of the payments, alleged in the 68th and 69th Articles of the complaint to have been made under a mutual mistake of fact. They will of course figure in the account of what is due under the mortgage, but as ground for an affirmative recovery they are as separate causes of action as the claim for damages caused by the putative abuse of process. In respect to these claims the complaint must be dismissed for lack of jurisdiction.

■■ There remains the plaintiffs' second ground: that the relief possible in an ancillary suit in equity will not be discretionary, like that under a petition to vacate the decree in the foreclosure suit itself. That is indeed a strange argument. The discretionary nature of the jurisdiction to vacate a decree once entered, is designed to prevent too ready unravelling of judgments; it is to avoid putting a premium upon continued litigation, and to promote considerateness in judicial decision. The fact that the same relief is demanded by a separate action can make not the slightest difference in that hesitation which the court should feel at vacating a judgment. Precisely the same considerations are relevant; and they have precisely the same weight. Indeed, more answer to the argument seems hardly necessary than to remember that, in order to lie at all, such a bill in equity

must be "ancillary" to the foreclosure suit.

What we have said disposes of the appeal, so far as concerns the Hedger Company, but not as to Hedger individually. Since he is a citizen of New Jersey, the district court would have had substantive jurisdiction of the action as to him, had he sued alone; but since he joined the Hedger Company, rated as a citizen of New York, he deprived the court of jurisdiction based upon diverse citizenship. Strawbridge v. Curtis, 3 Cranch 267, 2 L.Ed. 435. Clearly he could not join in a petition to vacate the decree in the foreclosure suit. The judgment of dismissal for lack of jurisdiction over the subject matter will therefore be affirmed as to him. It will, however, be reversed in favor of the Hedger Company and the cause will be remanded with instructions to treat the complaint as a petition in the foreclosure suit to reopen the decree upon the grounds therein alleged, on whose sufficiency, however, we are not to be understood to pass. Our decision is no more than that the admiralty court had jurisdiction in the foreclosure suit to give all the relief that the district court had power to give in any capacity, and that it was possible and proper to treat the complaint as a petition in that suit for all such relief, though for no other relief.

At the risk of repetition and in the interest of clarity we will recapitulate what we decide.

(1) The judgment will be affirmed as against Hedger, individually.

(2) The judgment will be reversed as to the Hedger Company.

(3) The complaint will be treated as a petition in the foreclosure suit to vacate the decree of foreclosure upon the grounds which it alleges.

(4) The admiralty court has jurisdiction to state the account between the parties, and to fix the amount due upon the mortgage, if any; also to direct restitution of any sum which the mortgagee may be found to have collected from the mortgagor in excess of that amount.

(5) The complaint will be dismissed for lack of jurisdiction as to any relief which could be granted under the allegations of the 67th, 68th, and 69th Articles.

(6) No costs will be awarded on this appeal.

Judgment reversed; and cause remanded for further proceedings consistent with the foregoing.

### On Petition for Rehearing.

PER CURIAM.

The appellants argue that the seizure of their vessels through a putative abuse of process, must have taken place on navigable waters, and that for that reason it was within the jurisdiction of the district court as a tort cognizable in the admiralty. No such argument has been even intimated up to this time, and of course it was not before us when we wrote the opinion. We decline to consider it now, as a basis for reversal. However, if the appellants are so disposed, they may file an independent libel in the district court, alleging such a maritime tort, and it will be understotod that nothing in our opinion shall be taken as supporting, or denying, the jurisdiction of that court over such a suit. Moreover, the district court, if satisfied as to its jurisdiction, will be free to exercise its discretion to hear the evidence in that suit at the same time as the evidence in the foreclosure suit.

In all other respects the petition for rehearing is denied.

Petition denied.