## ALASKA S. S. CO. v. AMERICAN–HAWAIIAN S. S. CO.

### THE FENN VICTORY.

#### No. 15094.

District Court, W. D. Washington, N. D.

Oct. 3, 1947.

Bogle, Bogle & Gates and Claude E. Wakefield, all of Seattle, Wash., for libel-ant.

Dorr, Cooper & Hayes and Frederick W. Dorr, all of San Francisco, Cal., and Evans, McLaren, Lane, Powell & Beeks, and William T. Beeks, all of Seattle, Wash., for respondent.

BOWEN, District Judge.

In this case a libel in rem in Admiralty was filed by the Alaska Steamship Company against the Steamship Fenn Victory, a merchant vessel owned by the United States Maritime Commission but operated under bare boat charter by the American-Hawaiian Steamship Company, a private corporation. Also the latter company was joined as a party respondent in an action in personam. That respondent filed a libel release bond thereby releasing the vessel from the Marshal's attachment. Then that respondent together with the United States of America moved to dismiss the action in rem on the ground that the Court had no jurisdiction to proceed in rem against the Fenn Victory because it was a government-owned merchant vessel having immunity under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. The American-Hawaiian Steamship Company further asked the Court to award to respondent American-Hawaiian Steamship Company its costs, including the cost of the premium on the libel release bond.

■ The Court ruled that the motion to dismiss the in rem proceeding should be granted, and in part said:

"By reason of the Suits in Admiralty Act, the proceeding in rem in this case against the Fenn Victory from the beginning and at all times material to this action has been void and of no effect, because under the provisions of that Act this Court has not and cannot have any power judicially to proceed in rem against that merchant vessel of the United States. * * *

"The Act's provisions prohibiting judicial seizure make no exception by reason of private operation of government vessels under bare boat charter, and counsel have not cited, nor is the Court aware of, any court decision declaring such an exception."

■ Concerning the libel release bond, the Court ruled: "That is a nullity, like all the other things which were done in

connection with the in rem proceeding. * * *"

 Upon the request of respondent American-Hawaiian Steamship Company to be allowed at this time its costs including the premium paid for the libel release bond, the Court allowed respondent on account of costs only one-half of the cost of that premium, and on that question, among other things, stated: "I think both of those parties, libelant and the corporate respondent, are chargeable with sufficient knowledge to put each on inquiry touching that question of (government) ownership, and that each is equally responsible with the other for the consequences of their not making such inquiry and acting accordingly. * * *"