**POLARUS STEAMSHIP CO., Inc. v.
UNITED STATES et al.**

United States District Court
S. D. New York.
Nov. 12, 1952.

---

C. John Dirosse, New York City, for libellant.

Myles J. Lane, U. S. Atty., New York City (Benjamin H. Berman, Department of Justice, New York City, of counsel), for respondents.

CLANCY, District Judge.

Respondent has excepted to the libels because these five suits in admiralty were not instituted within two years after the several claims arose as required by the Suits in Admiralty Act, 46 U.S.C.A. § 745. The actions are alike. Each is for a breach of the bareboat charter of a vessel by respondents to libellant. It is alleged that under the terms of the charter respondents assumed responsibility for the cost and time of repairs occasioned by latent defects in the vessel, its machinery or appurtenances or defects due to locked-in stresses existing at the time of delivery. It is further alleged that the libellants expended various sums for repairs occasioned by such defects and recovery therefor is sought. All of the libels were filed more than two years after the expenses and delay damage were incurred and therefore state no claim under the limitations prescribed in the Suits in Admiralty Act but all are timely within the Tucker Act, 28 U.S.C.A. § 1346(a)(2).

The respondents' exceptions to the libels are sustained. United States Shipping Board Emergency Fleet Corporation v. Rosenberg Bros. & Co., 276 U.S. 202, 48 S.Ct. 256, 72 L.Ed. 531; Cory Brothers and Co. v. U. S., 2 Cir., 51 F.2d 1010; Admiral Oriental Line v. U. S., 2 Cir., 86 F.2d 201; Dietrich v. U. S., 2 Cir., 80 F.2d 207; Alcoa S. S. Co. v. U. S., D.C., 94 F.Supp. 406; Alaska S. S. Co. v. American-Hawaiian S. S. Co., D.C., 75 F.Supp. 701. That these actions, based as they are on charters and alleging claims under the charters' terms were properly brought in admiralty would appear certain. Armour & Co. v. Fort Morgan S. S. Co., 270 U.S. 253, 46 S.Ct. 212, 70 L.Ed. 571. The rights of the libellants and the character of their claims are entirely different from those involved in Minturn v. Maynard, 17 How. 477, 15 L.Ed. 235. Therefore entertainment of the libels as pleadings stating claims under the Tucker Act is forbidden by the Suits in Admiralty Act. In the case of The Everett Fowler, 2 Cir., 151 F.2d 622, the vessel involved was neither owned, possessed nor operated by the United States.