**PACIFIC ATLANTIC S. S. CO.**

v.

**UNITED STATES.**

**Civ. No. 6932.**

United States District Court
D. Oregon.

Feb. 26, 1954.

Erksine Wood, John D. Mosser and Wood, Matthiessen, Wood & Tatum, Portland, Ore., for libelant.

Keith R. Ferguson, Sp. Asst. to the Atty. Gen., for respondent.

SOLOMON, District Judge.

Libelant, the bareboat charterer of the S. S. Marquette Victory, is seeking to recover for the cost and time of repairs to the vessel, allegedly resulting from a failure of the propulsion machinery due to latent defects or locked in stresses. Respondent, as owner of the vessel, interposed a number of defenses, one of which is that the libel was not timely filed.

Both parties agree that the libel was filed pursuant to the provisions of the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., and that § 5 of such Act, 46 U.S.C.A. § 745, provides in pertinent part:

"Suits as authorized by this chapter may be brought only within two

years after the cause of action arises
* * *."

They also agree that expiration of the period of statutory limitation bars the remedy and extinguishes the substantive right created by the Act. Alcoa Steamship Co. v. United States, D.C.N.Y.1950, 94 F.Supp. 406, 408.

A finding of when the cause of action arose will therefore determine the jurisdiction of this Court.

The charter party was entered into on July 13, 1950. Part II, Clause 2(b) of such charter contains the provision upon which libelant relies, both for its right of action and for fixing the date of the accrual of this right of action. The pertinent portion reads as follows:

> " * * * the owner shall nevertheless be responsible for the cost and time of repairs or renewals occasioned by latent defects in the vessels, their machinery, or appurtenances, or defects due to locked in stresses in the vessels existing at the time of delivery, not recoverable under the terms and conditions of the American Hull form of Policy (American Institute of Marine Underwriters 7/1/41) containing no deductible average clause."

The vessel was delivered to libelant on August 12, 1950, on January 25, 1951, while on a voyage, the main propulsion gears of the vessel failed. By April 1, 1951, all repairs and renewals necessitated by the breakdown were completed. The only available replacement gears were in possession of respondent, and, before supplying these gears for the repair of the S. S. Marquette Victory, respondent demanded that libelant return a similar set of gears. Such similar set was returned on January 18, 1952. On March 7, 1952, libelant was billed $22,-203.68 for these replacement gears. Libelant completed its adjustment with its hull underwriters for damages resulting from the failure on May 25, 1952. On August 6, 1952, libelant billed respondent $38,896.13 for the balance of the cost and time of repairs not recovered from its hull underwriters. Respondent denied liability for this claim on January 27, 1953. The libel was filed in this court on April 13, 1953.

Libelant contends that the cause of action did not arise until at least May 25, 1952, when the amount "not recoverable from the hull underwriters was determined and that it did not in fact commence until January 27, 1953, when for the first time respondent breached its agreement to be responsible for the cost and time of the repairs not recoverable from the hull underwriters and refused to pay the amount thereof."

In other words, libelant predicates its right to recover on two alternative theories:

First, Part II, Clause 2(b) of the charter is an indemnity agreement and requires a presentation of libelant's claim to its underwriters and a rejection by such underwriters as a condition precedent to the bringing of any action against respondent.

Second, the cause of action did not arise until the claim was presented to respondent and payment refused, that being the first occasion that the Government breached its contract to pay.

Respondent, on the other hand, contends that the cause of action arose either on January 15, 1951, the date on which the damage occurred, or no later than April 1, 1951, the date upon which the repairs were completed.

It is well established that damages need not be liquidated before a cause of action can arise. United States v. Atlantic Mutual Insurance Co., 1936, 298 U.S. 483, 56 S.Ct. 889, 80 L.Ed. 1296. Therefore, lack of knowledge of the exact cost of the repairs will not in and of itself prevent the accrual of a cause of action.

The charter party does not require presentation to and rejection by the underwriters before the libelant may present its claim for damages to respondent. The condition governing respond-

ent's liability is not the action of the hull underwriters but is the type of damage incurred. In other words, this charter subjects respondent to liability for items not within the coverage of the insurance contract. The unilateral action of the underwriters in rejecting a claim neither establishes the fact that the damage was not within the policy nor precludes respondent from claiming or proving that the damage was within the terms of such policy. This charter refers to amounts "not recoverable under the terms and conditions" of the insurance policy. The word "recoverable" is not synonymous with the word "recovered." "A thing is 'recoverable' when it is susceptible of being 'regained,' 'gotten back.'" McKey v. Lee, 7 Cir., 1901, 105 F. 923, 926.

" * * * the plain, ordinary, and natural meaning of which (recoverable) is that which is able to be, or is capable of being, recovered; 'obtainable from a debtor or possessor as by legal process.' It means that which can be recovered as a matter of legal right." In re Oliver, D.C.W.D.Mo.1901, 109 F. 784, 788.

Since "the ordinary meaning" of recovery "is the establishment of a right by the judgment of a court", Union Petroleum S. S. Co. v. United States, 2 Cir., 1927, 18 F.2d 752, 753, to adopt libelant's interpretation would require an exhaustion of legal remedies against the underwriters before a claim could be presented to respondent, which in this case was not done.

I find that the cause of action arose not later than April 1, 1951, the date upon which the repairs were completed. The claim is therefore time-barred by the failure of libelant to institute a suit within two years thereafter.

Although Alcoa Steamship Co. v. United States, supra, and Polarus Steamship Co., Inc. v. United States, D.C.S.D. N.Y.1952, 108 F.Supp. 376, are not directly in point, the conclusions therein reached support this finding.

As an alternative contention, libelant, in the jurisdictional pretrial order, alleged that the parties were maintaining a mutual account on the vessel, Marquette Victory, and that the last item of said account was on May 28, 1952. However, the stipulated facts in such pretrial order upon which this matter was heard do not provide a basis for such contention, and no such contention was made either in the libel or in the arguments, oral or written, presented to the Court. Despite that fact, I have considered this alternative contention and have come to the conclusion that a claim for indemnity under a charter party is not a proper subject of a mutual account.

Respondent is therefore entitled to an order dismissing the libel.