896 F.2d 1368
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ella K. WRIGHT, Plaintiff-Appellant,
v.
Sheldon HOFFERMAN, Defendant-Appellee.
Ella K. WRIGHT, Plaintiff-Appellee,
v.
Sheldon HOFFERMAN, Defendant-Appellant.
 Nos. 88-2578, 88-2599.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 31, 1989.
Decided: Feb. 12, 1990.
 
 Ella K. Wright, appellant pro se.
 Merrill Cohen (Cohen & Baldinger) for appellee.
 Before PHILLIPS, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this diversity action, Ella K. Wright, a former tenant, sued her landlord for specific performance of an option to purchase the rental property. The landlord, Sheldon C. Hofferman, counterclaimed, asserting breach of the lease, fraudulent misrepresentation, and slander of title, and seeking damages and attorney's fees.[1] The district court denied Wright's claim for specific performance, awarded Hofferman damages on his breach of lease claim, and denied attorney's fees. Both parties appealed. We affirm in part, vacate in part, and remand.
 
 
 2
 The district court correctly denied Wright's claim for specific performance. An option is "a continuing offer to sell during the duration thereof which on being exercised by the optionee becomes a binding and enforceable contract." Straley v. Osborne, 262 Md. 514, 521, 278 A.2d 64, 68 (1971) (citations omitted). While Paragraph 14A of the lease created an option,[2] the district court correctly found that Wright herself failed to prove she was able specifically to perform.
 
 
 3
 The district court also correctly determined the damages due for breach of the lease for failure to pay rent. It further properly denied recovery for fraudulent and negligent misrepresentation on the principle that recovery on these theories would constitute a second recovery for the same injury.
 
 
 4
 In denying Hofferman's claim for attorney's fees, the district court reasoned that the action was one for specific performance and as such was a collateral suit in which attorney's fees provided for under the lease would not be awarded. To the contrary, attorney's fees for enforcement of the provisions of the lease are awardable in a counterclaim. Schoen-McAllister co. v. Oak Park National Bank, 349 Ill.App. 500, 111 N.E.2d 378 (1953).
 
 
 5
 The lease which is the subject of this appeal presents a thorny question. There are a number of paragraphs which purport to entitle the lessor to attorney's fees. The paragraphs fall into two sets. One set characterizes the lessee as being liable for "such attorney's fees as may be recoverable by law." The second set describes the lessee's liability as including "reasonable attorney's fees." We find a contractual entitlement to attorney's fees created by those paragraphs providing for "reasonable attorney's fees," but not by those paragraphs simply allowing "such attorney's fees as may be recoverable by law."
 
 
 6
 The provision awarding "reasonable attorney's fees" is very common. The vast majority of attorney's fees clauses either set a definite fee, provide a formula, or affix liability for "reasonable attorney's fees." There is no ambiguity or doubt as to the meaning of those words.
 
 
 7
 On the other hand, the presence of typical language describing a standard measure of attorney's fees impacts on the analysis of the other paragraphs. The landlord's use of the standard term "reasonable attorney's fees" in some paragraphs describing the fees he expected to collect leads to the conclusion that, as drafted, some different meaning must be ascribed to the term attorney's fees "recoverable by law."
 
 
 8
 Maryland law directs this Court, where two provisions of a lease are not harmonious, to reconcile them if possible by a reasonable interpretation. Katz v. Williams, 239 Md. 355, 211 A.2d 723 (1965). A reasonable interpretation is that those attorney's fees "recoverable by law" are those which can be "recovered as a matter of legal right." Pacific Atlantic S.S. Co. v. United States, 120 F.Supp. 753, 755 (D.Or.1954), citing In re Oliver, 109 F. 784, 788 (W.D.Mo.1901); accord Shield v. F. Johnson and Son Co., 132 La. 773, 61 So. 787 (1913). These fees would be such as are available by statute or case law. No statute or case law requires the award of attorney's fees in this situation.
 
 
 9
 In sum, pursuant to paragraphs 3, 11(a), and 11(d) of the lease, which allow fees "recoverable by law," no attorney's fees should be awarded. Pursuant to paragraph 11(f), however, Hofferman is entitled to "reasonable attorney's fees" for an action for possession and damages. No evidence of attorney's fees sufficient to determine under which clause Hofferman is claiming has been presented to this Court. Thus, while we vacate the denial of fees, we must remand to the district court for determination of those fees attributable to remedying the lessee's failure to vacate and the resulting action for possession.
 
 
 10
 The district court's order denying specific performance to Wright, awarding damages for breach of the lease, and denying recovery for fraudulent misrepresentation and slander of title to Hofferman is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 [1]
 This appeal was decided without the benefit of either a transcript of the trial or audio tapes. Neither party felt the need to have a transcript prepared. Thus the record consists of written filings and exhibits from the trial
 
 
 [2]
 The paragraph states:
 Lessee shall have the non-assignable option for a period ending on 8/31/85 to purchase the property at the price of $75,000 net cash to seller prior to payoff of valid liens against the property as of the date of settlement. Notice of intention to exercise said option must be given to Lessor no later than April 30, 1985 and must be accompanied by $1000.00 deposit. Settlement on said purchase must occur no later than August 31, 1985. In the event said option is exercised at the time of settlement Lessor shall credit Lessee with $100.00 for each month for which the prescribed rent has been timely paid.