CHARLES MINTURN, APPELLANT, v. LAFAYETTE MAYNARD, GIL-
BERT A. GRANT, THOMAS G. WELLS, LUCIEN SKINNER, FRED-
ERICK BILLINGS, CHARLES J. BRENHAM, ISAAC T. MOTT, J. DE
LA MONTAGNE, E. M. NEAL, AND THOMAS L. CHAPMAN.

Where a libel was filed *in personam*, against the owners of a steamboat in California,
by their general agent or broker, for the balance of an account for money paid, laid
out, and expended, in paying for supplies, repairs, and advertising of the steam-
boat, together with commissions on the disbursements, the libel was properly dis-
missed, for want of jurisdiction.

There was nothing in the case to bring it within the class of maritime contracts; nor
does the local law of California, which authorizes an attachment of vessels for sup-
plies or repairs, extend to the balance of accounts between agent and principal,
who have never dealt on the credit, pledge, or security of the vessel.

THIS was an appeal from the district court of the United
States for the northern district of California.

The case is sufficiently stated in the opinion of the court.

It was argued by *Mr. Brent* and *Mr. May*, for the appellant,
and by *Mr. Cutting*, for the appellees.

Mr. Justice GRIER delivered the opinion of the court.

The respondents were sued in admiralty, by process *in per-
sonam*. The libel charges that they are owners of the steam-
boat Gold Hunter; that they had appointed the li'.ellant their
general agent or broker; and exhibits a bill, showing a balance
of accounts due libellant for money paid, laid out, and ex-
pended for the use of respondents, in paying for supplies,
repairs, and advertising of the steamboat, and numerous other
charges, together with commissions on the disbursements, &c.

The court below very properly dismissed the libel, for want of
jurisdiction. There is nothing in the nature of a maritime
contract in the case. The libel shows nothing but a demand
for a balance of accounts between agent and principal, for which
an action of *assumpsit*, in a common law court, is the proper
remedy. That the money advanced and paid for respondents
was, in whole or in part, to pay bills due by a steamboat for
repairs or supplies, will not make the transaction maritime, or
give the libellant a remedy in admiralty. Nor does the local
law of California, which authorizes an attachment of vessels for
supplies or repairs, extend to the balance of accounts between
agent and principal, who have never dealt on the credit, pledge,
or security of the vessel.

The case is too plain for argument.

The judgment of the court of admiralty, dismissing the libel
for want of jurisdiction, is affirmed with costs.

## *Order.*

This cause came on to be heard on the transcript of the record from the district court of the United States for the northern district of California, and was argued by counsel. On consideration whereof it is now here ordered, adjudged, and decreed by this court, that the decree of the said district court in this cause be, and the same is hereby affirmed, with costs.