## THE SAGINAW.

*(District Court, E. D. Michigan.    October 19, 1885.)*

**MARITIME LIEN—WHARFINGER—ACCOUNT.**
    A libel for a balance of an account between a wharfinger and a steam-boat, most of the items of which account were not maritime, was held not to be maintainable.

*(Syllabus by the Court.)*

On Exceptions to Libel.

The libel averred that libelant was the owner of a wharf at Port Hope, one of the regular stopping places of the steamer; that it was customary for the Saginaw to deliver her consignments for that port upon this wharf, subject to her claim for freight and advance charges, which were collected by the libelant, and credited to the steamer; that the steamer, upon the other hand, was charged with such collections for freight and advance charges as were paid over, with dockage, and also for merchandise, (salt and hay,) which libelant was accustomed to turn over to the steamer, to be disposed of at the lower ports by her officers, and accounted for; and that there was a balance due libelants upon this account of $146.20, for which he claimed a lien.

*James J. Atkinson,* for libelant.

*George E. Haliday,* for claimant.

BROWN, J.    This libel is for the balance of an account between a wharfinger and a steam-boat, and is clearly not maintainable.    The items of libelant's claim are (1) for freight collected for the steamer, and paid over to her, for which there is clearly no lien, even if more were paid than was due; (2) for wharfage; and (3) for merchandise delivered to the steamer, to be disposed of and the proceeds credited to the libelant.

The last item I held not to be a lien in *The New Hampshire,* 21 Fed. Rep. 924.

Perhaps the items for wharfage might be a lien under the state law, if the suit were for a wharfage alone; but, if it be for a balance of a running account, the fact that some of the items are maritime in their character will not confer jurisdiction upon this court.    *The Gold Hunter,* 17 How. 477.

The cases wherein a court of admiralty will take jurisdiction of accounts are well stated by Judge WARE in *The Larch,* 3 Ware, 28, 34. If all libelant's items were a lien upon the vessel, and the credits could be treated as so much payment upon account, I would entertain jurisdiction; but where it is apparent from the pleading that the suit is in reality to settle an account, and to recover a balance due, the libel will not be sustained.