### ADMIRAL ORIENTAL LINE v. ATLANTIC GULF & ORIENTAL S. S. CO.
#### No. 114.

Circuit Court of Appeals, Second Circuit.
Feb. 17, 1937.

See, also, 86 F.(2d) 201.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for appellant.

Hunt, Hill & Betts, of New York City, and the United States Attorney, New York, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

After this cause went back to the District Court, a question arose as to in-

terest and costs. The United States contends that it cannot be liable for either because the recovery was under the Tucker Act (24 Stat. 505), which does not allow them. It also objects to an attorney's allowance of $100, which, though proper in admiralty, is not at common law. This motion is to clear up these points. As to the original action of the Admiral Oriental Line against the Atlantic Gulf & Oriental Steamship Company, there can be no doubt that the judgment should include interest and costs, although, as the Admiral Oriental Line itself agrees, the docket fee must be cut from $100 to $20. The recovery over of any part of this payment by the Atlantic Gulf & Oriental Steamship Company against the United States must be under the Tucker Act, not in the admiralty, as we have said. We are asked as to that to reconsider our decision, but Minturn v. Maynard, 17 How. 477, 15 L.Ed. 235, still seems to us flat on the point. The report is indeed very short, but it states that the libelant was a general ship's agent and broker, and we can see no material distinction between such an agent and a managing operator; if the case is to be overruled, only the Supreme Court should do it. The position of the United States is therefore right. The Atlantic Gulf & Oriental Steamship Company ought to have paid the Admiral Oriental Line's claim at once; any accrued interest and the costs of the action which it must pay arose from its default. Yet, if it had paid at once, it could have recovered neither interest nor costs against the United States in a suit under the Tucker Act; these would have arisen, it is true, because of the wrongful refusal of the United States to pay a lawful claim, but for reasons good or bad the United States does not choose to make amends for such wrongs. The same is of course à fortiori true of the Atlantic Gulf & Oriental Steamship Company's claim against the United States to recover its direct outlay. Therefore interest and costs will be allowed against the Atlantic Gulf & Oriental Steamship Company in the action of the Admiral Oriental Line against it—reducing the docket fee, however—but will be denied in favor of the Atlantic Gulf & Oriental Steamship Company against the United States as to both its claims.