**GARCIA & DIAZ, Inc., Libellant,**

v.

**EMPRESA NAVIERA DE CUBA, S. A., Col. Braulio I. Fernandez Hernandez and The Republic of Cuba, Respondents.**

United States District Court
S. D. New York.
Jan. 29, 1958.

Bigham, Englar, Jones & Houston, New York City, for libellants.

Purrington & McConnell, New York City, for respondents.

EDELSTEIN, District Judge.

Respondents move to dismiss the libel and to vacate process in personam with foreign attachment on the ground of the absence of admiralty jurisdiction. The libel was filed against the Empresa Naviera de Cuba, S.A. and the Cuban Government Interventor, Col. Braulio I. Fernandez Hernandez. Upon libellant's allegations that there was no officer of respondents within this district but that funds were in the possession of a third party being held for the account of one or both respondents, it obtained process in admiralty with a clause of foreign attachment, and the marshal attached the funds. The Republic of Cuba subsequently filed claim to the funds and libellant then filed an amended libel on the same cause of action making the Republic of Cuba a party. Process with clause of foreign attachment was again issued and served by the marshal on the same fund. The Republic of Cuba and the Cuban Government Interventor appeared, filing a cross-libel on a claim said to arise out of the same matter.

The amended libel makes a claim for a sum paid by the libellant, between February of 1951 and December of 1953, for account of respondents for stevedoring, terminal and other expenses rendered to named vessels upon the order or request of the respondents, and a statement of account is attached as an exhibit. Respondents contend that a cause of action by a general agent seeking to recover disbursements is not cognizable in admiralty under the doctrine of Minturn v. Maynard, 17 How. 477, 58 U.S. 477, 15 L.Ed. 235. The general rule, that such an agent acquires no maritime lien for payments made by it in due course of its business, is well settled. The Centaurus, 4 Cir., 291 F. 751; Cory Bros. & Co. v. United States, 2 Cir., 51 F.2d 1010; Admiral Oriental Line v. United States, 2 Cir., 86 F.2d 201; Ad-

miral Oriental Line v. Atlantic Gulf & Oriental S. S. Co., 2 Cir., 88 F.2d 26. Libellant argues, first, that the court cannot now determine the existence of a general agency relationship. But in an affidavit on behalf of the libellant's motion to permit the filing of an amended libel, it was stated that the libel had been filed against the respondents to recover a sum "arising out of disbursements for stevedoring and other services rendered in the Port of New York pursuant to a contract entered into on February 2, 1951, by libellant with 'Empresa Naviera de Cuba, S.A., by Sergio I. Clark, Delegate-Interventor of said Empresa appointed by the Government of the Republic of Cuba through Presidential Decree dated November 18, 1950.' " A copy of the contract was attached as an exhibit. The contract is manifestly a general agency agreement, and there is no contention to the contrary.

The libellant's further argument is that as a result of the decision of the Supreme Court in Dampskibsselskabet Dannebrog v. Signal Oil & Gas Co. of California, 310 U.S. 268, 60 S.Ct. 937, 84 L.Ed. 1197, a general agent is entitled to a maritime lien for advances or disbursements customarily giving rise to maritime liens under the general admiralty law or the Maritime Lien Act of 1920, 46 U.S.C. § 971 et seq., 46 U.S.C.A. § 971 et seq., unless it has affirmatively waived such a lien under the provisions of 46 U.S.C. § 974, 46 U.S.C.A. § 974. The question in that case was the right to a maritime lien of one supplying fuel oil to the vessel on the order of the charterer. The Court held, on the basis of the Maritime Lien Act, that where by the terms of the charter party the charterer has the direction and control of the vessel and there is no prohibition against the creation of liens for necessary supplies ordered by the charterer, one who on the order of the charterer supplies fuel oil to the vessel is entitled to a maritime lien, even though the charter required the charterer to provide and pay for fuel. The Court neither cited nor discussed Minturn v. Maynard, supra,

and certainly did not overrule it. While the argument that the doctrine of the Signal Oil case ought to be extended to the case of a general agent is cogent, see Rodriquez v. The G. K. Dauntless, D.C., 70 F.Supp. 958, 961; Todd Shipyards Corporation v. The City of Athens, D.C., 83 F.Supp. 67, 89, and see also Galatis v. Galatis, 5 Cir., 55 F.2d 571, 573, decided prior to the Supreme Court's decision in the Signal Oil case, it is an argument that ought to be addressed to the Supreme Court. See Admiral Oriental Line v. Atlantic Gulf & Oriental S. S. Co., supra, 88 F.2d at page 27.

Accordingly, the motion will be granted.