**GULF–CARIBBEAN NAVIGATION COMPANY, Inc. T/as Gulf-Caribbean Lines, a Panamanian corporation, Plaintiff,**

v.

**SEA BIRD NAVIGATION, INC., a corporation of the Republic of Liberia, Defendant.**

**Civ. A. No. 350–71–N.**

United States District Court, E. D. Virginia, Norfolk Division.

July 1, 1971.

Guilford D. Ware, Norfolk, Va., for plaintiff.

John W. Winston, Seawell, McCoy, Winston & Dalton, Norfolk, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

MacKENZIE, District Judge.

This suit was instituted in the Eastern District of Virginia by Gulf-Caribbean Navigation Company, Inc. against Sea Bird Navigation, Inc. As the basis for admiralty jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, it is asserted that Sea Bird, on another date, wrongfully attached funds belonging to Gulf-Caribbean in the hands of a Baltimore agent (Masson, Inc.); that such attachment followed a Sea Bird claim against Gallen Lines, Inc., which Sea Bird wrongfully asserted against Gulf-Caribbean funds. Based on this alleged wrongful attachment, already in litigation in Baltimore, Gulf-Caribbean here moves to the Eastern District of Virginia and sues upon the same claim, i. e., the alleged wrongful attachment and finding M/V FAY, a Sea Bird vessel at Norfolk, the attachment of that vessel followed.

Sea Bird moves to dismiss this attachment of its ship asserting (1) that the question of the wrongful attachment is already being litigated in Baltimore, and (2) the claim now asserted in the Eastern District of Virginia is a common law cause of action between the parties and cannot be the vehicle of admiralty jurisdiction to support the foreign attachment of the M/V FAY.

■ The first assertion, i. e., that the complaint is elsewhere in litigation is without merit. Absent vexatious misuse of process (not claimed) plaintiff may pursue his complaint in Virginia and is not barred by the Maryland litigation, subject, of course, to the rule that only one final judgment may ultimately be had.

■ The second claim, however, that the wrongful attachment of funds in Baltimore is not a maritime matter, is meritorious. As we view it, if Sea Bird has made a wrongful attachment, the claim is a common law action, akin to assumpsit in Minturn v. Maynard, 58 U.S. 477, 17 How. 477, 15 L.Ed. 235 (1854) wherein the handling of funds in an agent's hands were held to be a shore side function not converted to maritime character simply because they were derived from a ship's business. And as in P. D. Marchessini & Co. v. Pacific Marine Corp., 227 F.Supp. 17 (S.D.N.Y. 1964), freight money fraudulently handled ashore was not the proper subject of a libel and attachment of a vessel, but sounded in a claim for money had and received or for fraud—in either event, common law actions in New York and not properly in admiralty.

■ Plaintiff argues that the suit instigated in the Eastern District of Virginia is in reality only an extension of the problems involved in the suit filed by Sea Bird in the Federal Court in Baltimore—where maritime jurisdiction has not been questioned—and that Sea Bird ought not to be heard to disclaim the admiralty jurisdiction it proceeded under in Maryland.

We have examined the Baltimore action and find that it is founded upon a suit for default in charter hire, clearly, a maritime contract matter. The question of fraudulent attachment is only an

**1158**

ancillary cross-claim in that properly pending complaint. This is not the situation here in the Eastern District of Virginia, where the attachment of shore side funds in the hands of a Baltimore agent is asserted as the sole basis of admiralty jurisdiction.

On the basis of *Minturn* and *Marchessini*, supra, we find no admiralty jurisdiction here and no basis to support the foreign attachment of M/V FAY.

The Motion to Quash Summons and Process of Attachment and Garnishment is sustained, and the M/V FAY ordered released.