William ADDISON, Plaintiff,

v.

BULK FOOD CARRIERS, INC., Defendant, Third Party Plaintiff,

v.

JOHN J. ORR & SONS, INC., Third Party Defendant.

Civ. A. No. 72–2976–G.

United States District Court, D. Massachusetts.

Sept. 13, 1973.

Nathan Greenberg, Boston, Mass., for plaintiff.

Leo F. Glynn, Boston, Mass., for defendant.

Michael T. Prendergast, Boston, Mass., for third party defendant.

## MEMORANDUM AND. ORDER DENYING SUMMARY JUDGMENT ON THIRD PARTY COMPLAINT

GARRITY, District Judge.

This is the usual third party complaint by a vessel against a stevedore. A longshoreman injured aboard the vessel sued the owner for negligence and unseaworthiness, in two causes of action joined in the single complaint. The vessel filed the usual third party complaint against the stevedore alleging breach of the warranty that the stevedore would perform in a workmanlike manner. The problem arises from the enactment, effective November 26, 1972, of amendments to the Longshoremen's and Harbor Workers' Compensation Act, Public Law 92–576, especially Section 18(a), amending 33 U.S.C. § 905 so as to bar third party complaints by vessels against stevedores. In this case the longshoreman, according to his complaint, was injured on July 2, 1972. The complaint was filed September 26, 1972. Defendant's motion for leave to sue the stevedore, enclosing a third party complaint, was filed on January 16, 1973. The question thus arises whether the intervening amendment to the Act as of November 26, 1972 barring third party complaints applies to the instant cause of action. In our opinion it does not and the third party defendant's motion for summary judgment is denied.

■ ■ Preliminarily, the legislative history leaves no doubt that the longshoreman's cause of action survives enactment of the amendments and he has the same rights and remedies as he had before with respect to injuries occurring previous to November 26, 1972. In particular, he may still sue for such injuries under the doctrine of Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 25, 66 S. Ct. 872, 90 L.Ed. 1099, and the Act's abrogation of the *Sieracki* doctrine is inapplicable to preexisting causes of action. It should also be noted that the amendments do not affect the longshoreman's right to proceed against the vessel for negligence but do abrogate all rights of indemnity of the vessel against the stevedore under the doctrine of Ryan Stevedoring Co. v. Pan Atlantic S.S. Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133, i. e., the vessel may still be held liable to the longshoreman for negligence but no longer has a cause of action for indemnity against the stevedore. The legislative history of the 1972 amendments appears in a publication prepared by the Senatorial Subcommittee on Labor, and excerpts are attached to the third party plaintiff's memorandum filed August 17. At page 73, the basis of the relevant amendments is described as follows:

The Committee also believes that the doctrine of the *Ryan* case, which permits the vessel to recover the damages for which it is liable to an injured worker where it can show that the stevedore breaches an express or implied warranty of workmanlike performance is no longer appropriate if the vessel's liability is no longer to be absolute, as it essentially is under the seaworthiness doctrine. Since the vessel's liability is to be based on its own negligence, and the vessel will no longer be liable under the seaworthiness doctrine for injuries which are really the fault of the stevedore, there is no longer any necessity for permitting the vessel to recover the damages for which it is liable to the injured worker from the stevedore or other employer of the worker.

Furthermore, unless such hold-harmless, indemnity or contribution agreements are prohibited as a matter of public policy, vessels by their superior economic strength could circumvent and nullify the provisions of Section 5 of the Act by requiring indemnification from a covered employer for employee injuries.

Accordingly, the bill expressly prohibits such recovery, whether based on an implied or express warranty. It is the Committee's intention to prohibit such recovery under any theory including, without limitation, theories based on contract or tort.

Under the proposed amendments the vessel may not by contractual agreement or otherwise require the employer to indemnify it, in whole or in part, for such damages.

■ Because the 1972 amendments distinguish between the longshoreman's common law remedies against the vessel, by extinguishing the claim for unseaworthiness but preserving the claim for negligence, the issue presented by the pending motion for summary judgment should perhaps be considered separately as to the vessel's indemnity claim for any liability based upon unseaworthiness and any for negligence. Regarding the former, the basis for Congress's abolishing the *Ryan* doctrine indicates to us that the vessel's indemnity remedy against the stevedore survives as long as longshoremen enjoy the benefits of the *Sieracki* doctrine. As stated in the first paragraph of the excerpt, the vessel's right of indemnity "is no longer appropriate if the vessel's liability is no longer to be absolute . . . ." Inasmuch as the vessel's absolute liability will continue to exist with respect to longshoremen's claims for injuries previous to November 26, 1972, abrogation of the vessel's remedy would not be "appropriate" with respect to such claims.

■ As for the third party plaintiff's claim for indemnity should the plaintiff establish its liability for negligence, the question is closer because the 1972 amendments both preserve the long-shoreman's action for negligence against the vessel and eliminate its right over against the stevedore; but in our view the vessel's remedy regarding claims for injuries previous to the effective date of the Act survives the amendments. We rely first on the general principle that legislation must be considered as addressed to the future, Greene v. United States, 1964, 376 U.S. 149, 160, 84 S.Ct. 615, 11 L.Ed.2d 576. This principle applies *a fortiori* to amendments, as stated in Sutherland on Statutory Construction, §§ 22–36, at 200:

In accordance with the rule applicable to original acts, it is presumed that provisions added by the amendment affecting substantive rights are intended to operate prospectively. Provisions added by the amendment that affect substantive rights will not be construed to apply to transactions and events completed prior to its enactment, unless the legislature has expressed its intent to that effect, or such intent is clearly implied by the language of the amendment or by the circumstances surrounding its enactment.

Secondly, the language of the amendment indicates that the voiding of the *Ryan* doctrine applies only to injuries occurring after the effective date of the Act. The provision voiding the *Ryan* doctrine is not separate but appears as the last clause in the first sentence of subsection 5(b), which begins with the words, "In the event of injury to a person . . . ." Every sentence in this subsection employs the future tense.[1]

Accordingly, the third party defendant's motion is denied and the case will go forward on the basis of the third party defendant's answer and counterclaim filed March 19, 1973.

1. It may be that the special funding provisions of Section 44 of the Act also disclose a congressional intent to leave the present law unchanged in all respects regarding injuries occurring previous to November 26, 1972, but we have not analyzed this contention of the third party defendant sufficiently to rely upon it as a basis of this decision.