The **HINKINS STEAMSHIP AGENCY, INC.**, Plaintiff-Appellee,

v.

**FREIGHTERS, INC.**, Defendant-Appellant.

No. 73–1196.

United States Court of Appeals, Ninth Circuit.

June 6, 1974.

Lawrence Alioto, Law Offices of Joseph L. Alioto, San Francisco, Cal., for defendant-appellant.

Hamilton & King, San Francisco, Cal., for plaintiff-appellee.

Before BROWNING, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

This appeal is from a judgment in an admiralty proceeding under 28 U.S.C. § 1333 in favor of Hinkins Steamship Agency, Inc. (Hinkins) for a balance due for services performed as husbanding agent for an oceangoing vessel which the appellant, Freighters, Inc., had under a time charter. The judgment was rendered upon a motion for summary judgment. Appellant's contention is that the court lacked subject matter jurisdiction because the agreement between the parties was not a maritime contract.

The agreement was initiated by a letter of instructions from Bulk Food Carriers, Inc. (Carriers) informing Hinkins that Carriers was the operating agent for Freighters, Inc., and requesting Hinkins to act as husbanding agent for the SS Pine Tree State. Services which were performed by Hinkins, according to affidavits on file, included arranging for

and supervising dockage, pilotage, tug assisting, line handlings, cargo discharge, discharging of deep tanks, sounding of fuel tanks, cleaning of holds, providing supplies and handling operating details pertaining to the vessel's call in Baltimore, Maryland, to discharge a cargo of lumber. Incident to the furnishing of these traditional husbanding services there was repeated attendance on board the vessel by Hinkins. The motion for summary judgment was supported by affidavits verifying the agreement.

 The character of the work is determinative of the question whether the agreement was maritime and the jurisdiction properly laid in admiralty. North Pacific Steamship Co. v. Hall Bros. Marine Ry. & Shipbuilding Co., 249 U.S. 119, 125, 39 S.Ct. 221, 63 L.Ed. 510 (1919); 7A J. Moore, Federal Practice ¶¶ .225, .230 (2d ed. 1972).

Appellant contends that Hinkins was not engaged in the performance of maritime services apparently on the theory that Hinkins *procured* them and did not perform them directly. Obviously all of the services could not have been performed by Hinkins directly. That their performance was its direct responsibility, that the services were clearly maritime and necessary for the continuing voyage, and that Hinkins was directly engaged in supervision, makes them maritime and the contract sued upon a maritime contract. North Pacific Steamship Co., *supra*.

Cases cited by appellant are not persuasive. Some involved general continuing agency agreements held to be non-maritime. Minturn v. Maynard, 58 U.S. (17 How.) 477, 15 L.Ed. 235 (1855); P. D. Marchessini & Co. v. Pacific Marine Corp., 227 F.Supp. 17 (S.D.N.Y.1964). Under more modern decisions, appellant's cases are of doubtful validity. *See* Archawski v. Hanioti, 350 U.S. 532, 535, 76 S.Ct. 617, 100 L.Ed. 676 (1956); Interocean Steamship Corp. v. Amelco Engineers Co., 341 F.Supp. 995 (N.D.Cal.1971); Amerind Shipping Corp. v. Jordan International Co., 314 F.Supp. 1324 (E.D.La.1970).

We believe the agreement was clearly maritime in nature and the jurisdiction proper. Freighters, Inc. next questions the authority of Carriers to obligate it. We find this argument to be without merit. The affidavits support the trial court's decision. The findings were clearly correct. There was no question but what the services were rendered and the charges were not challenged.

The judgment is affirmed.