**COMPAGNIE MARITIME BELGE (LLOYD ROYAL) S.A., Plaintiff,**

v.

**UNITED TERMINALS, INC., Defendant.**

**No. 77 Civ. 1426 (LFM).**

United States District Court,
S. D. New York.

Nov. 11, 1977.

Bigham, Englar, Jones & Houston by William P. Kardaras and Joseph E. Donat, New York City, for defendant.

Burlingham, Underwood & Lord by William M. Kimball, New York City, for plaintiff.

## OPINION

MacMAHON, District Judge.

Defendant moves to dismiss the complaint for lack of jurisdiction over the subject matter. Rule 12(b)(1), Fed.R.Civ.P.

Plaintiff vessel owner seeks indemnity for monies paid in settlement of personal injury claims made against it by two longshoremen employed by defendant stevedoring company, who were injured on shore while unloading a container which had been removed from plaintiff's vessel.* Jurisdiction is bottomed on 28 U.S.C. § 1333(1); diversity of citizenship is not alleged. Defendant contends that admiralty and maritime jurisdiction does not extend to shore-side accidents of longshoremen. See *Victory Carriers, Inc. v. Law,* 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971).

Whatever jurisdictional effect *Victory Carriers* may have upon a tort action of an injured longshoreman, the case has no application here. This is an action for indemnity, brought pursuant to the well-established doctrine of *Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp.,* 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). As such, the suit is grounded on contract, seeking recovery for breach of the warranty of workmanlike service implicit in the stevedoring contract. See *Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., supra,* 350 U.S. at 130–35, 76 S.Ct. 232. Since the stevedoring contract is maritime in nature, *Ameri-*

---

* Although this indemnity action was not filed until 1977, it is not barred by the 1972 amendments to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (Supp.1977), since the injuries occurred prior to the effective date of the amendments. See *Addison v. Bulk Food Carriers, Inc.,* 489 F.2d 1041, 1043 (1st Cir. 1974), *affirming,* 363 F.Supp. 1016, 1018 (D.Mass.1973).

can *Stevedores, Inc. v. Porello,* 330 U.S. 446, 456, 67 S.Ct. 847, 91 L.Ed. 1011 (1947); *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 359, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962), this action for its breach is within our admiralty and maritime jurisdiction. *American Stevedores, Inc. v. Porello, supra,* 330 U.S. 446, 67 S.Ct. 847; *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.,* 339 F.2d 673, 675 (3d Cir. 1964), *cert. denied,* 382 U.S. 812, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965); *Louis Furth, Inc. v. S.S. Srbija,* 330 F.Supp. 305, 307 (S.D.N.Y.1970).

Accordingly, the motion to dismiss the complaint for lack of jurisdiction over the subject matter is denied.

So ordered.