**AMERICAN PRESIDENT LINES, LTD., Plaintiff,**

v.

**GREEN TRANSFER AND STORAGE, INC., Defendant.**

**Civ. No. 82–421–PA.**

United States District Court, D. Oregon.

April 29, 1983.

Douglas A. Stamm, Wood, Tatum, Mosser, Brooke & Holden, Portland, Or., for plaintiff.

Charles T. Smith, Dennis James Hubel, Jas. Jeffrey Adams, Mitchell, Lang & Smith, Portland, Or., for defendant.

## OPINION AND ORDER

PANNER, District Judge.

Plaintiff, a California corporation, brings this action in admiralty against defendant, an Oregon corporation, for breach of contract and negligence and prays for $54,-051.78. Plaintiff alleges jurisdiction pursuant to 28 U.S.C. § 1333 and Fed.R.Civ.P. 9(h). Defendant contends that there is no admiralty jurisdiction and that the matter must be tried to a jury.

Defendant loaded, stuffed, and secured reels of aluminum cables inside plaintiff's containers pursuant to a contract between the parties. The contract provided that defendant load the containers in a fashion suitable for ocean carriage. After loading was completed in Portland, the containers were trucked to Seattle, placed on plaintiff's vessel, and shipped to Japan. During the voyage, the reels shifted and moved, damaging the cargo containers. Plaintiff claims defendant breached the contract and was negligent in failing to perform the services in a workmanlike manner. Plaintiff alleges that this Court has admiralty jurisdiction because defendant entered into a maritime contract and committed a maritime tort.

The boundaries of admiralty jurisdiction over a contract are difficult to draw and do not depend on where the breach took place. *Kossick v. United Fruit Co.,* 365 U.S. 731, 735, 81 S.Ct. 886, 890, 6 L.Ed.2d 56 (1961). The character of the work determines the question. *Hinkins Steamship Agency, Inc. v. Freighters, Inc.,* 498 F.2d 411, 412 (9th Cir.1974) (per curiam). Generally, "[a] contract relating to a ship in its use as such, or to commerce or navigation on navigable waters, ... is subject to maritime law and the case is one of admiralty jurisdiction ..." 1 A. Sann & E. Jhirad, *Benedict on Admiralty* § 183, at 11–6 (7th Ed.1981). *See also Pierside Terminal Operators, Inc. v. Floridian,* 423 F.Supp. 962,

967–68 (E.D.Va.1976) (requiring a "maritime flavor" in order for a contract to be maritime).

■ Precedent and usage are helpful insofar as they include or exclude certain types of contracts. *Kossick,* 365 U.S. at 735, 81 S.Ct. at 890. Loading and unloading of cargo from a ship have traditionally been considered maritime services. *American Stevedores v. Porello,* 330 U.S. 446, 456, 67 S.Ct. 847, 853, 91 L.Ed. 1011 (1947); *Atlantic Transport Co. v. Imbrovek,* 234 U.S. 52, 61–62, 34 S.Ct. 733, 735, 58 L.Ed. 1208 (1914); *Luvi Trucking, Inc. v. Sea Land Services, Inc.,* 650 F.2d 371, 373 (1st Cir.1981). Unloading of cargo containers incident to a stevedore contract invokes maritime jurisdiction. *Compagnie Maritime Belge v. United Terminals, Inc.,* 439 F.Supp. 849 (S.D.N.Y.1977). The lease of cargo containers for use on a ship is a maritime contract. *CTI-Container Leasing v. Oceanic Operations Corp.,* 682 F.2d 377, 380–81 (2d Cir.1982). Trucking containers between two ports is not. *Luvi Trucking, Inc.,* 650 F.2d at 373.

Cargo shipping containers have been characterized as the modern substitute for the hold of the vessel. *Northwest Marine Terminal Co. v. Caputo,* 432 U.S. 249, 270, 97 S.Ct. 2348, 2360, 53 L.Ed.2d 320 (1977) (holding an injury sustained while unloading a cargo container under the Longshoremens' and Harbor Workers' Compensation Act). The loading of containers in a manner suitable for ocean carriage could be viewed as the functional equivalent of loading cargo on a ship. " 'Stripping a container ... is the functional equivalent of sorting cargo discharged from a ship; stuffing a container is part of the loading of the ship even though it is performed on shore and not in the ship's cargo holds.' " *Id.* at 270–71, 97 S.Ct. at 2360–61, quoting *Pittson Stevedoring Corp. v. Dellaventura,* 544 F.2d 35, 53 (2d Cir.1976).

■ Defendant was required to load the containers in a manner suitable for ocean carriage and to render his services so that the items loaded would be safely transported to an overseas marketplace. The services related to commerce in navigable waters and are maritime in nature. I hold that the contract between the parties is a maritime contract.

■ Admiralty jurisdiction with respect to tort claims requires: (1) maritime location of the injury and (2) a significant relationship of the wrong to traditional maritime activity. *Foremost Insurance Co. v. Richardson,* 457 U.S. 668, 102 S.Ct. 2654, 2658, 73 L.Ed.2d 300 (1982); *Nelson v. United States,* 639 F.2d 469, 472 (9th Cir.1980); *White v. Johns-Manville Corp.,* 662 F.2d 234, 239 (4th Cir.1981), *cert. denied,* 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982). Claims in negligence arise when damage occurs. *E.W. Peterson v. Eugene Water and Electric Board,* 275 F.Supp. 286, 289 (D.Or.1967); *United States National Bank of Oregon v. Davies,* 274 Or. 663, 666–68, 548 P.2d 966, 968–69 (1976); *Kropitzer v. City of Portland,* 237 Or. 157, 165, 390 P.2d 356, 360 (1964). If defendant was negligent, then damage occurring at sea gives a maritime location to the injury.

■ Defendant's actions bore a significant relationship to a traditional maritime activity. Effective commerce on navigable waters depends on the safe transportation of items to an overseas location. "[T]he primary focus of admiralty jurisdiction is unquestionably the protection of maritime commerce ..." *Foremost Insurance Co.,* 457 U.S. 674, 102 S.Ct. at 2658. The alleged damage to plaintiff's containers is a maritime tort and this court has admiralty jurisdiction over the claim.

IT IS SO ORDERED.