831 F.2d 294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry FITCH and Helen Fitch, Plaintiffs-Appellants,
v.
Walter H. GILBERT, Defendant-Appellee.
 No. 86-1461.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1987.
 
 Before MERRITT and RYAN, Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Appellants appeal the district court's dismissal of a contract claim, for wages and personal losses, due to lack of admiralty jurisdiction under 28 U.S.C. S 1333. We reverse and remand.
 
 
 2
 Plaintiffs-appellants allege they were hired, pursuant to a contract with defendant-appellee, to deliver appellee's 54-foot sailboat "Ronaele" from Mt. Clemens, Michigan, to St. Lucia in the West Indies. The alleged agreement provided that the appellant would receive $100 per day for piloting the boat and $15 per hour, plus expenses for any additional work aside from piloting, such as, repairs to the boat.
 
 
 3
 Appellants left Mt. Clemens, on November 9, 1981, sailing down the Detroit River, across Lake Erie, through the Erie barge canal, and down the Hudson River to New York. The boat made a scheduled stop in New Rochelle, New York, for the installation of radio equipment. A generator needed repair and that caused an additional two-weeks delay in New York.
 
 
 4
 On December 10, 1981, appellants resumed the voyage, sailing from New York into the Atlantic Ocean. Approximately one hundred miles offshore, the boat ran into an unexpected severe storm during which the boat was badly damaged. Appellants were rescued by the Coast Guard.
 
 
 5
 In October 1982, the appellants filed suit in the United States District Court for the Eastern District of Michigan for unpaid daily wages, hourly wages, expenses and damages for loss of personal property. Appellants also asked for the "double wages" penalty provided by 46 U.S.C. S 596, now repealed. Defendant-appellee filed an answer but has since neglected the case entirely. In September 1985, appellants filed a motion for default judgment for defendant's failure to answer interrogatories. The motion was heard before the magistrate, who recommended a default judgment for the appellants. The district court, agreeing that the default judgment would be proper if the action were otherwise sustainable, dismissed the case for lack of subject matter jurisdiction pursuant to 28 U.S.C. S 1333.
 
 The district court held that:
 
 6
 Section 596, repealed on August 26, 1983, and presently codified at 46 U.S.C. S 10313(f) and (g), is part of a comprehensive statutory scheme regulating seamen on and inter-coastal, not domestic voyages. See 46 U 10301(a). The exhibits to plaintiffs' complaint indicate that defendant's yacht traveled between Detroit and various ports in the State of New York. This is not within the scope of Title 46 and, accordingly, 28 U.S.C. S 1333 does not provide the court with subject matter jurisdiction.
 
 
 7
 We disagree.
 
 I.
 
 8
 Article III, S 2 Cl. 1 of the Constitution extends the judicial power to "all cases of admiralty and maritime jurisdiction." The jurisdiction of the federal district court extends to admiralty cases pursuant to 28 U.S.C. S 1333, which states:
 
 
 9
 The district court shall have original jurisdiction, exclusive of the courts of the states, of: (1) any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all of the remedies to which they are otherwise entitled.
 
 
 10
 Id.
 
 
 11
 The district court erred in dismissing this action for wages and personal property losses for lack of subject matter jurisdiciton. When determining whether a contract action fans under admiralty jurisdiction, the nature of the contract is controlling:
 
 
 12
 It must be taken to be the settled law of this court that while the civil jurisdiction of the admiralty in the matters of tort depends upon locality,-whether the act was committed upon navigable waters,-in matter of contract it depends upon the subject-matter,-the nature and character of the contract ... the true criteria being the nature of the whether it have reference to maritime service or maritime transaction.
 
 
 13
 North Pacific Steamship Co. v. Hall Brothers Marine Railway & Shipbuilding Co., 249 U.S. 119, 125 (1919). Although the exact boundaries of admiralty jurisdiction over contracts are difficult to delineate, Kossick v. United Fruit Co., 365 U.S. 731, 735 (1961), various types of contracts clearly fall within admiralty jurisdiction.
 
 
 14
 Contracts for hire of a ship or personnel to man the ship are within admiralty jurisdiction. Kossick v. United Fruit Co., 365 U.S. 731, 735 (1961). Disputes arising from a contract relating to the navigation of a ship fall within admiralty jurisdiction. Owens-Illinois, Inc. v. United States District Court, 698 F.2d 967, 970 (9th Cir. 1983). Additionally, contracts to repair or insure a ship are maritime in nature. Kossick at 735. Finally, a contract relating "to a ship in its use as such, or to commerce or navigation on navigable waters, is subject to maritime law and falls under admiralty jurisdiction." Foss Launch & Tug Co. v. Char Ching Shipping USA, 808 F.2d 697, 699 (9th Cir. 1987) (citing, Hinkins Steamship Agency, Inc. v. Freighters, Inc., 498 F.2d 411, 412 (9th Cir. 1974).
 
 
 15
 The alleged contract in this case, involves the hiring of the crew to deliver a boat from Mt. Clemens, Michigan to St. Lucia in the West Indies. Such an agreement obviously involves navigation on navigable waters of Lake Erie, the Erie Barge Canal, the Hudson River, and the Atlantic Ocean. Further, the contract allegedly contained an agreement regarding repairs to the vessel and wages for such repairs. The appellants' lawsuit involves, therefore, disputes arising from a contract relating to the navigation of a ship. Such a dispute falls within the admiralty jurisdiction of 28 U.S.C. Sec. 1333.
 
 
 16
 The district court dismissed that action reasoning that the dispute in this case is not within the scope of Title 46 of the United States Code because part of the claim is for damages under 46 U.S.C. Sec. 596 (repealed and recodified as 46 U.S.C. Sec. 10313(f) & (g)). That part of the appellants' claim relates only to the remedies available to the appellant and is not determinative of the question of jurisdiction. In determining admiralty jurisdiciton of contract disputes, the sole issue is the nature of the contract. As the contract in this case was maritime in nature, the district court had jurisdiction under 28 U.S.C. Sec. 1333. We express no opinion concerning the availability of the "double wages" remedy pursuant to 46 U.S.C. Sec. 596, now repealed. The appellants' claim therefore, does not affect the court's admiralty jurisdiction.
 
 
 17
 The order dismissing this action for lack of subject matter jurisdiction is vacated and the case is remanded for further proceedings.