**ROMEN, INC. and Lineas Agromar, Plaintiffs,**

v.

**PRICE–FORBES, LTD. et al., Defendants.**

**No. 88–1331–CIV.**

United States District Court, S.D. Florida.

April 29, 1992.

David P. Karcher, Underwood, Gillis & Karcher, P.A., Miami, FL, Alex F. Lankford, III, Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, AL, for plaintiffs.

Richard R. McCormack, McCormack, Siboni & Knoblock, A Professional Ass'n, Miami, FL, for Price–Forbes, Ltd., Wigham Poland, Ltd., Wigham Poland Marine, Ltd., P. Wigham–Richardson and Co., and S.G. Services, Ltd.

Kathy A. Gibbs, Tew & Garcia-Pedrosa, Miami, FL, for Alexander & Alexander, Inc.

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Defendants Alexander & Alexander ("A & A") and "London Brokers'" Motions to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to *Fed.R.Civ.P.* 12(b)(1).[1] As grounds for their motions, A & A and the London Brokers assert that Plaintiffs' claims fall outside the Court's admiralty jurisdiction.

### BACKGROUND

The M/V Rio Truando ran aground in the Straights of Magellan on July 5, 1985. Upon receipt of an insurance claim, the underwriter denied coverage alleging, *inter alia,* misrepresentations regarding the vessel. Absent insurance coverage, Romen, Inc. ("Romen"), the ship owner, and Lineas Agromar ("Agromar"), the ship operator, filed this admiralty action in 1988, claiming general average against all the owners of cargo carried by the M/V Rio Truando at the time of the grounding, and against the cargo owners' respective insurance underwriters. In 1990, Romen and Agromar added A & A and the London Brokers as defendants in this action, asserting numerous state law claims, arising from the brokers' role in placing the M/V Rio Truando's insurance coverage with the underwriter.[2] At the present stage of the litigation, Romen and Agromar have settled all of their claims against the cargo owners and their respective underwriters. The only remaining defendants, therefore, are the insurance brokers.

### ANALYSIS

In support of their motion, A & A and the London Brokers assert that contracts to procure marine insurance are outside the scope of admiralty jurisdiction. This black letter law statement derives from the United States Supreme Court's holding in *Minturn v. Maynard,* 58 U.S. (17 How.) 477, 15 L.Ed. 235 (1855), which established a *per se* rule excluding agency contracts from admiralty. *Exxon Corp. v. Central Gulf Lines, Inc.,* —— U.S. ——, ——, 111 S.Ct. 2071, 2073, 114 L.Ed.2d 649 (1991). In *Exxon,* however, the Supreme Court overruled *Minturn,* stating, "Rather than apply a rule excluding all or certain agency contracts from the realm of admiralty, lower courts should look to the subject matter of the agency contract and determine whether the services performed under the contract are maritime in nature." *Exxon,* —— U.S. at ——, 111 S.Ct. at 2077.

1. A & A and the "London Brokers" are the insurance brokers involved in procuring coverage for the vessel whose running aground gave rise to this action. The London-based group collectively known in this litigation as "London Brokers" consists of: Price–Forbes Ltd.; Wigham–Poland Ltd.; Wigham–Poland Marine Ltd.; P. Wigham–Richardson and Company Ltd.; and S.G. Services Ltd.

2. The claims against A & A are: breach of contract; negligence; gross negligence; willful and wanton misconduct; intentional fraudulent misrepresentation; reckless and wanton misrepresentation; negligent misrepresentation; fraudulent concealment; and breach of fiduciary duty and duty of utmost good faith. The claims against the London Brokers are: breach of contract; negligence; intentional fraudulent misrepresentation; reckless and wanton misrepresentation; negligent misrepresentation; fraudulent concealment; gross negligence; wilful and wanton misconduct; and breach of fiduciary duty and duty of utmost good faith.

Applying the *Exxon* analysis to the circumstances of this case, the Court finds that it does have admiralty jurisdiction over this action. In making this determination, the Court recognizes the existence of factual disputes regarding these circumstances.[3] Because these factual disputes also go to the merits of the case, the Court takes Romen and Agromar's factual allegations as true for purposes of ruling on the motion to dismiss. *Ynclan v. Department of Air Force*, 943 F.2d 1388, 1390 (5th Cir.1991) ("A motion to dismiss for lack of jurisdiction may be decided by the district court on one of three bases: the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.") (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981)).

Romen and Agromar describe their relationship with the insurance brokers as one that was not limited to the mere placing of an insurance policy. According to Romen and Agromar, A & A and/or the London Brokers provided advice on who should hold title to the vessel, prior to its purchase;[4] placed coverage under the recommended owner's name; and obtained new coverage after the vessel's grounding on condition that the underwriter would not be liable for any of the grounding claims, without notifying Romen and Agromar of this condition. As described by Romen and Agromar, therefore, the insurance brokers' services impacted such maritime matters as the identity of the vessel's purchaser and voluntary limitations on its insurance coverage. Hence, the Court finds that the insurance brokers' services were maritime in nature.

## CONCLUSION

Because the Court finds, under the *Exxon* analysis, that the claims against A & A and

the London Brokers fall within the scope of its admiralty jurisdiction, it is hereby

ORDERED AND ADJUDGED that Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction are DENIED.

DONE AND ORDERED.

---

3. The parties' Joint Status Report, filed January 23, 1992, contains three separate factual statements, one from Romen and Agromar, another by A & A, and the third by the London Brokers.

4. The alleged advice consisted of a recommendation that Romen should purchase the vessel, rather than Agromar, as originally intended. One of the alleged grounds for the underwriter's denial of coverage was the failure to disclose Agromar's role as the vessel's operator.