# SUPREME COURT OF THE UNITED STATES

## JANE DOE *v.* UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

No. 20–559.   Decided May 3, 2021

The petition for a writ of certiorari is denied.

JUSTICE THOMAS, dissenting from the denial of certiorari.

Petitioner alleges that she was raped by a fellow cadet while she was a student at the U. S. Military Academy at West Point. She sued the United States under the Federal Tort Claims Act, claiming that West Point's sexual assault policies were inadequate to protect students from sexual violence. Under the plain text of the Act, petitioner's status as a West Point cadet should have posed no bar to litigation. But 70 years ago, this Court made the policy judgment that members of the military should not be able to sue for injuries incident to military service. See *Feres* v. *United States*, 340 U. S. 135 (1950). Relying on *Feres*, the Second Circuit held that sovereign immunity barred petitioner's claims, even if she could have brought these same claims had she been a civilian contractor employed by West Point instead of a student.

As I have previously explained, this approach has little justification. The Act "'renders the United States liable to *all* persons, including servicemen, injured by the negligence of Government employees.'" *Lanus* v. *United States*, 570 U. S. 932 (2013) (THOMAS, J., dissenting from denial of certiorari) (quoting *United States* v. *Johnson*, 481 U. S. 681, 693 (1987) (Scalia, J., dissenting)); see also *Daniel* v. *United States*, 587 U. S. \_\_\_, \_\_\_–\_\_\_ (2019) (THOMAS, J., dissenting from denial of certiorari) (slip op., at 1–2). Emphasizing its breadth, the law contains a narrow carve out for mili-

tary-related claims: those "arising out of . . . combatant ac-
tivities . . . during time of war." 28 U. S. C. §2680(j). This
single military exception involving "combatant activities"
clearly does not apply here. And, other than this specific
exception, the law does not "'preclud[e] . . . suits brought by
servicemen'"—at least not because of their military status.
*Lanus*, 570 U. S., at 932. *Feres* was wrongly decided; and
this case was wrongly decided as a result.

   We should grant certiorari to correct this error. The *Feres*
Court's foray into judicial legislating has been met with
"'widespread, almost universal criticism.'" *Johnson*, 481
U. S., at 700 (Scalia, J., dissenting). And it is easy to see
why. Under our precedent, if two Pentagon employees—
one civilian and one a servicemember—are hit by a bus in
the Pentagon parking lot and sue, it may be that only the
civilian would have a chance to litigate his claim on the
merits. Cf. *Frankel* v. *United States*, 810 Fed. Appx. 176,
180–182 (CA4 2020) (*per curiam*) (*Feres* barred claim of ser-
vicemember who was struck by a vehicle); *Newton* v. *Lee*,
677 F. 3d 1017, 1030 (CA10 2012) (*Feres* does not bar claim
by "a purely civilian employee of the military"). Nothing in
the text of the Act requires this disparate treatment. Nor
is there any background rule that federal bus drivers owe a
greater duty of care toward workers who are civilian than
those who are military.

   At a minimum, we should take up this case to clarify the
scope of the immunity we have created. Without any stat-
utory text to serve as a guide, lower courts are understand-
ably confused about what counts as an injury "incident" to
military service. One might be surprised to learn, for ex-
ample, that *Feres* sometimes bars claims of a drunken ser-
vicemember who drowns, except when it does not. Compare
*Morey* v. *United States*, 903 F. 2d 880, 881 (CA1 1990), with
*Dreier* v. *United States*, 106 F. 3d 844, 845–846 (CA9 1996).
Or, to discover that *Feres* apparently forecloses a claim for
a servicemember's injury while waterskiing because the

recreational boat belonged to the military, but not for an injury while attending a rugby event caused by a service-member's negligent operation of an Army van. Compare *McConnell* v. *United States*, 478 F. 3d 1092, 1093–1094 (CA9 2007), with *Whitley* v. *United States*, 170 F. 3d 1061, 1068–1070 (CA11 1999). And like Judge Chin in dissent, one might be concerned to find out that a student's *rape* is considered an injury incident to military service. See *Doe* v. *Hagenbeck*, 870 F. 3d 36, 51, 58–62 (CA2 2017) ("[I]n my view Doe's injuries did not arise 'incident to military service'"). But that is exactly what the court held below. See 815 Fed. Appx. 592, 595 (CA2 2020).

Perhaps the Court is hesitant to take up this issue at all because it would require fiddling with a 70-year-old precedent that is demonstrably wrong. But if the *Feres* doctrine is so wrong that we cannot figure out how to rein it in, then the better answer is to bid it farewell. There is precedent for that approach. See, *e.g., Trump* v. *Hawaii*, 585 U. S. \_\_\_, \_\_\_ (2018) (slip op., at 38) (overruling *Korematsu* v. *United States*, 323 U. S. 214 (1944)); *Leegin Creative Leather Products, Inc.* v. *PSKS, Inc.*, 551 U. S. 877, 882 (2007) (overruling *Dr. Miles Medical Co.* v. *John D. Park & Sons Co.*, 220 U. S. 373 (1911)); *Lapides* v. *Board of Regents of Univ. System of Ga.*, 535 U. S. 613, 623 (2002) (overruling *Ford Motor Co.* v. *Department of Treasury of Ind.*, 323 U. S. 459 (1945)); *Exxon Corp.* v. *Central Gulf Lines, Inc.*, 500 U. S. 603, 612 (1991) (overruling *Minturn* v. *Maynard*, 17 How. 477 (1855)); *Malloy* v. *Hogan*, 378 U. S. 1, 2, 6 (1964) (overruling *Twining* v. *New Jersey*, 211 U. S. 78 (1908)); *Brown* v. *Board of Education*, 347 U. S. 483, 494–495 (1954) (overruling *Plessy* v. *Ferguson*, 163 U. S. 537 (1896)); *Erie R. Co.* v. *Tompkins*, 304 U. S. 64, 79–80 (1938) (overruling *Swift* v. *Tyson*, 16 Pet. 1 (1842)).

We should follow it.